A. Raymond Hamrick III (State Bar 93821)
aray@hamricklaw.com
Martin J. Barab (State Bar 47419)
mbarab@hamricklaw.com
HAMRICK & EVANS, LLP
111 Universal Hollywood Drive, Suite 2200
Universal City, California 91608
Telephone:  (818) 763-5292
Facsimile:   (818) 763-2308

Attorneys for Plaintiff,
HANNIBAL, INC. dba HANNIBAL PICTURES
(Erroneously referred to as "HANNIBAL PICTURES, INC.")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNIBAL PICTURES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SONJA PRODUCTIONS, LLC, a Delaware limited liability company; SONJA TREMONT-MORGAN an individual; JOHN ADAMS MORGAN, an individual; and DOES 1 through 10, inclusive,,<br><br>Defendants.<br><br>——————————————<br><br>AND RELATED CROSS-ACTIONS. | CASE NO. CV06-1814 WDK (VBKx)<br><br>(Case assigned to Hon. William D. Keller)<br><br>**NOTICE OF MOTION AND MOTION TO CORRECT A CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:   December 9, 2013<br>Time:              10:00 a.m.<br>Location:         Court Room 1600<br><br>*[Filed concurrently with the Supporting Declaration of A. Raymond Hamrick, III; the Supporting Declaration of Richard Rionda Del Castro; Request for Judicial Notice;[Proposed] Order; and [Proposed Corrected] Judgment]* |

**TO THE DEFENDANTS AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on December 9, 2013, at 10:00 a.m., or

as soon thereafter as this matter may be heard, in Court Room 1600 of the above-

entitled Court, Plaintiff Hannibal, Inc. dba Hannibal Pictures (erroneously referred to as Hannibal Pictures, Inc., and hereinafter referred to for convenience as "Plaintiff" or "Hannibal") will move, and hereby does move to correct a clerical error in the party identification with respect to the Judgment entered in this case on September 1, 2009. Specifically, Plaintiff seeks to correct the Judgment so that the Judgment accurately reflects the actual name of the Plaintiff and real party in interest "Hannibal, Inc. dba Hannibal Pictures" as intended by the Court.

Plaintiff brings this Motion pursuant to *Federal Rules of Civil Procedure*, Rule 60(a) on the grounds that the Judgment contains a misnomer and incorrectly refers to Plaintiff as "Hannibal Pictures, Inc." due to a clerical error.

This Motion will be based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Richard Rionda Del Castro, the Declaration of A. Raymond Hamrick, III, the Request for Judicial Notice, the complete files and records in this action and such other arguments as may be presented at the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 30, 2013, October 11, 2013 and October 21, 2013.

DATED: November 1, 2013              HAMRICK & EVANS, LLP


By: ___*/s/ A. Raymond Hamrick, III*___
      A. RAYMOND HAMRICK III
      MARTIN J. BARAB
      Attorneys for Plaintiff,
      HANNIBAL, INC. dba HANNIBAL
      PICTURES (Erroneously referred to as
      "HANNIBAL PICTURES, INC.")

# **TABLE OF CONTENTS**

Page

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ..................................... 3

III.  THE COURT HAS BROAD DISCRETION TO CORRECT
      CLERICAL MISTAKES IN PARTY MISIDENTIFICATION ...................... 9

    A.    Rule 60(a) .......................................................................... 9

    B.    Rule 60(a) Is To Be Liberally Construed ............................... 10

    C.    A Court Can Correct A Judgment Containing Errors or
       Mistakes By the Parties .................................................... 11

    D.    Rule 60(a) Motions to Correct Judgments Can Be Made At
       Any Time ........................................................................ 12

IV.   PLAINTIFF IS ENTITLED TO A CORRECTED JUDGMENT
      UNDER RULE 60(a) ........................................................................ 13

    A.    The Pre-Trial Conference Order Conclusively Established
       That Hannibal, Inc. dba Hannibal Pictures was the Plaintiff
       in this Action .................................................................... 13

    B.    The Facts Admitted By Defendants Conclusively Establish
       that Hannibal, Inc. dba Hannibal Picture was the Plaintiff
       and Real Party In Interest in the Action and That
       Defendants Knew These Facts ............................................. 15

    C.    A Rule 60(a) Correction of the Plaintiff's Name in the
       Subject Judgment is Appropriate in This Instance ................. 16

    D.    Defendants' Failure to Identify the "Lack of Standing"
       Defense in the Pre-Trial Order Constitutes a Waiver of This
       Defense ........................................................................... 20

    E.    Defendants' Failure to Assert and Establish Any "Lack of
       Standing" at Trial Constitutes a Waiver .............................. 22

HAMRICK & EVANS, LLP

i

NOTICE OF MOTION AND MOTION TO CORRECT CLERICAL ERROR
IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

## **<u>TABLE OF CONTENTS</u>**

<u>Page</u>

V.    CONCLUSION ........................................................................................... 25

HAMRICK & EVANS, LLP

NOTICE OF MOTION AND MOTION TO CORRECT CLERICAL ERROR
IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Cases**

*Blanton v. Anzalone,*
  813 F.2d 1574 (9th Cir. 1987) ................................................................. 10, 12

*Chicago & Northwestern Transp. Co. v. Negus–Sweenie, Inc.,*
  549 F.2d 47 (8th Cir. 1977) ...................................................................... 23, 24

*Dunmore v. United States,*
  358 F.3d 1107 (9th Cir. 2004) ........................................................................ 21

*El-Hakem v. BJY Inc.,*
  415 F.3d 1068 (9th Cir. 2005) ........................................................................ 22

*Erff v. MarkHon Indus., Inc.,*
  781 F.2d 613 (7th Cir. 1986) .......................................................................... 14

*Expertise. Inc. v. Aetna Fin. Co.,*
  810 F.2d 968 (10th Cir. 1987) ........................................................................ 14

*Fluoro Elec. Corp. v. Branford Assocs.,*
  489 F.2d 320 (2d Cir. 1973) .......................................................... 10, 16, 17, 19

*Garamendi v. Henin,*
  683 F.3d 1069 (9th Cir. 2012) ................................................................... 11, 12

*Gorlikowski v. Tolbert,*
  52 F.3d 1439 (7th Cir. 1995) .......................................................................... 22

*In re Jee,*
  799 F.2d 532 (9th Cir. 1986) .......................................................................... 11

*Int'l Corp. v. United States,*
  549 U.S. 457 (2007)......................................................................................... 20

*Lane v. Geiger-Berger Associates, P.C.,*
  608 F.2d 1148 (8th Cir. 1979) ........................................................................ 14

*Lee v. Deloitte & Touche LLP*
  (N.D. Ill. 2006) 428 F.Supp.2d 825 ............................................................... 21

*Lynnwood Equip., Inc.,*
  841 F.2d 918 (9th Cir. 1988) .......................................................................... 14

*Matter of W. Texas Mktg. Corp.,*
  12 F.3d 497 (5th Cir. 1994) ....................................................................... 11, 12

*McLean Contracting Co. v. Waterman Steamship Corp.,*
  277 F.3d 477 (4th Cir. 2002) .......................................................................... 22

HAMRICK & EVANS, LLP

# TABLE OF AUTHORITIES

Page

*MIF Realty L.P. v. Rochester Associates,*
92 F.3d 752 (8th Cir. 1996) ................................................................ 10

*Morgan Guar. Trust Co. of New York v. Third Nat. Bank of Hampden Cnty.,*
545 F.2d 758 (1st Cir. 1976) ............................................................... 12

*Mullins v. Nickel Plate Mining Co., Inc.,*
691 F.2d 971 (11th Cir. 1982) ............................................................ 12

*Paddington Partners v. Bouchard,*
34 F.3d 1132 (2d Cir.1994) ................................................................ 10

*Pattiz v. Schwartz,*
386 F.2d 300 (8th Cir. 1968) .............................................................. 11

*Pershing Park Villas Homeowners Ass'n v. United Pacific Ins. Co.* (9th Cir. 2000)
219 F.3d 895 ................................................................................. 21, 23

*Pogor v. Makita U.S.A., Inc.,*
135 F.3d 384 (6th Cir. 1998) .............................................................. 12

*Robert Lewis Rosen Associates, Ltd. v. Webb,*
473 F.3d 498 (2d Cir. 2007) ............................................................... 11

*Rockwell Int'l Corp. v. United States,*
549 U.S. 457 (2007) ........................................................................... 14

*S. California Retail Clerks Union & Food Employers Joint Pension Trust Fund v. Bjorklund,*
728 F.2d 1262 (9th Cir. 1984) ....................................................... 20, 21

*Sycuan  Band of Mission Indians v. Roache,*
54 F.3d 535 (9th Cir. 1995) ................................................................ 23

*TDK Elecs. Corp. v. Draiman.*
321 F.3d 677 (7th Cir. 2003) .............................................................. 12

*Truskoski v. ESPN, Inc.,*
60 F.3d 74 (2d Cir. 1995) ................................................................... 10

*United States v. Joyce,*
511 F.2d 1127 (9th Cir.1975) ............................................................. 21

*Whelan v. Abell,*
953 F.2d 663 (D.C. Cir. 1992) ............................................................ 24

**Statutes**
Federal Rules of Civil Procedure, Rule 16(d) ..................................... 14

Federal Rules of Civil Procedure, Rule 17(a)(3) ................................. 24

HAMRICK & EVANS, LLP

# <u>TABLE OF AUTHORITIES</u>

Page

Federal Rules of Civil Procedure, Rule 59(e) ................................................. 9

Federal Rules of Civil Procedure, Rule 60(a) .................................................... passim

Federal Rules of Civil Procedure, Rule 60(b) ................................................. 9

**Rules**
C.D. Cal. L.R. 7-3 ................................................................................................. 2

**Other Authorities**
11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
  *Federal Practice and Procedure* § 2854 (2d ed. 1995) ........................................... 10

HAMRICK & EVANS, LLP

NOTICE OF MOTION AND MOTION TO CORRECT CLERICAL ERROR
IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Following a jury trial before U.S. District Court Judge Williams D. Keller, Plaintiff Hannibal, Inc. dba Hannibal Pictures secured a favorable Judgment against Sonja Productions, LLC on its Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Fraud, and Negligent Misrepresentation claims and against Defendants Sonja Tremont-Morgan on its Fraud and Negligent Misrepresentation claims.  The jury awarded Plaintiff Seven Million Sixty Six Thousand Two Hundred Ninety Four Dollars ($7,066,294.00) to compensate Plaintiff for the damages caused by Defendants Sonja Productions, LLC and Sonja Tremont-Morgan's (collectively "Defendants") acts and omissions. On or about September 1, 2009, Judgment was entered in favor of Plaintiff.  However, due to a clerical error, Plaintiff was erroneously identified in the Judgment as "Hannibal Pictures, Inc." instead of Hannibal, Inc. dba Hannibal Pictures (hereinafter referred to as the "Judgment"). (*See* RFJN, Exh. "G" [Document 194 - Judgment]).

As set forth more fully below, there can be no reasonable dispute that Hannibal, Inc. dba Hannibal Pictures was the Plaintiff prosecuting the action, the real party in interest and the party entitled to Judgment.  Furthermore, there is no basis to dispute that Defendants, at all times, knew that Hannibal, Inc. dba Hannibal Pictures was the Plaintiff and the real party in interest.  In fact, there can be no credible argument that the reference to "Hannibal Pictures, Inc." in the Judgment is not a

HAMRICK & EVANS, LLP

clerical error because, among other reasons, no entity named "Hannibal Pictures, Inc." existed prior to the entry of the Judgment.  (Rionda Declaration at ¶ 4-7; Hamrick Declaration at ¶ 4; RFJN, Exh. "G" [Document 194 - Judgment]; RFJN, Exh. "H").  Nevertheless, the present motion is necessary because Defendant Morgan has recently attempted to exploit the clerical error in the Judgment to disrupt Plaintiff's collection efforts and to avoid responsibility for the $7,066,294.00 of damages caused to Plaintiff by Defendants.

Specifically, on or about November 17, 2010, after the entry of the Judgment and in response to ongoing collection efforts, Defendant Sonja Tremont-Morgan filed for Bankruptcy protection.  (Hamrick Declaration at ¶'s 10 and 12).   Prior to initiation of the Bankruptcy Action, Defendants appealed the jury verdict to the Ninth Circuit.  (Hamrick Declaration at ¶ 11).  On appeal, Defendants contended that the District Court erred in several respects.   On May 11, 2011, the Ninth Circuit Court of Appeals affirmed the Judgment against Defendants in all particulars. (RFJN, Exh. "I").

In the Bankruptcy Action, Defendant Morgan (a.k.a., the "Debtor") recently filed an Objection to Hannibal's bankruptcy proof of claim (the "Hannibal Claim"), contending that because no entity existed by the name of Hannibal Pictures, Inc. at the time of entry of Judgment, the Judgment in this matter is void, and Hannibal should be precluded from enforcing its Claim.  (*See* RFJN, Exh. "J;" Hamrick Declaration at ¶'s 15).

Although the Objection to the Hannibal Claim in the Bankruptcy Action has since been withdrawn by a recently appointed Bankruptcy Trustee (Hamrick Declaration at ¶ 16), the filing of the Debtor's Objection brought to light the fact that due to a mistake, arising from an oversight or omission, the Judgment contains a clerical error with respect to the identification of the proper Plaintiff.  Notably, the Judgment contains a misnomer and incorrectly identifies the Plaintiff as "Hannibal Pictures, Inc." rather than as "Hannibal, Inc. dba Hannibal Pictures" the correct name of the Plaintiff and real party in interest.  Plaintiff seeks to correct the clerical error in the Judgment so that any claimed infirmities as to the Hannibal Claim in the Bankruptcy Action will be eliminated, and the Judgment in this action can be properly enforced.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Hannibal Inc. was formed as a California corporation on or about February 4, 1999.  (RFJN, Exh. "A"; Rionda Declaration at ¶ 2).  On or about August 11, 2005, Hannibal Inc. filed a fictitious business name statement to do business as "Hannibal Pictures."  (RFJN, Exh. "D" [Document No. 05-1924890]; Rionda Declaration at ¶ 3).  By way of background regarding the underlying litigation, on or about January 9, 2006, Defendant Morgan signed a deal memorandum on behalf of Sonja Productions, LLC with *Hannibal, Inc. dba Hannibal Pictures*, with respect to a movie entitled "Fast Flash to Bang Time." (RFJN, Exh. "D" [Document 128 - Pre-Trial Conference Order at p. 3:23-27]; RFJN, Exh. "E" [Trial Transcript - Day 8, at pp. 175:4-6];

HAMRICK & EVANS, LLP

RFJN, Exh. "F" [Document 160 - Joint Amended Joint Jury Instructions, at pp. 15-16]) (emphasis added).  Of particular significance, the contract between Hannibal and Sonja Productions, which formed the basis of the Fraud, Negligent Misrepresentation, Breach of the Covenant of Good Faith and Fair Dealing, and Breach of Contract claims in this action, reflects that Hannibal, Inc. dba Hannibal Pictures was the contracting party.  (Hamrick Declaration at ¶ 4).  All of the activities related to the subject dispute between Hannibal and Defendants took place between October 2005 and April 2006.  (*Id.*).  At the time of these events, no entity existed by the name of Hannibal Pictures, Inc.  (Rionda Declaration at ¶'s 4-7; Hamrick Declaration at ¶'s 4, 7 and 8).

On February 24, 2006, after Defendants' Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Fraud, and Negligent Misrepresentation were revealed, Hannibal's initial counsel of record filed an action in Los Angeles Superior Court, erroneously identifying the Plaintiff as "Hannibal Pictures, Inc." (the "Superior Court Action") (RFJN, Exh. "C"; Hamrick Decl., ¶ 5).  Thereafter, Defendants removed the Superior Court Action to the United States District Court, Central District of California (the "District Court Action"), based upon diversity, where the case ultimately progressed to trial, verdict and subsequent entry of Judgment. (Hamrick Decl., ¶ 5).

Prior to trial, on May 11, 2009, the District Court entered a Pre-Trial Conference Order (hereinafter referred to as the "Pre-Trial Order") in this matter.

4

HAMRICK & EVANS, LLP

(*See* RFJN, Exh. "D" [Document 128 - Pre-Trial Order]).  **Notably, the Pre-Trial Order expressly provided that it "shall supersede the pleadings...."** (*Id.* at p. 30: 2-8) (emphasis added).  **The Pre-Trial Order also specifically identified, "Hannibal, Inc. dba Hannibal Pictures" as the Plaintiff and real party in interest.** (*See id.* at p. 2: 1-2) (Emphasis added).  In addition, the Pre-Trial Order ordered that "[a]ll parties named in the pleadings and not identified in the preceding paragraph [i.e., Hannibal Pictures, Inc.] *are now dismissed*." (*Id.* at p. 2: 4-5 (emphasis added).  Since "Hannibal Pictures, Inc." was dismissed by virtue of the Pre-Trial Order, the Judgment which identifies the Plaintiff as "Hannibal Pictures, Inc." is a clear misnomer.  *See Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 325-326 (2d Cir. 1973) (holding it proper for district court to correct a party misnomer under Rule 60(a)).  Further, a detailed analysis of the Pre-Trial Order also reflects that various "Admitted Facts" between the parties established Plaintiff "Hannibal, Inc. dba Hannibal Pictures" as the real party in interest in the subject action. (*See* RFJN, Exh. "D" [Document 128 - Pre-Trial Order]).

Based upon the above, from a factual and legal standpoint, there can be no cognizable dispute that "Hannibal, Inc. dba Hannibal Pictures" was, at all times, relevant to the events and acts asserted in the underlying Complaint, the real party in interest with regard to the prosecution of the claims that form the basis of the subject Judgment and the proper party with respect to the Judgment in this action.  In this regard, Hannibal's status as the real party in interest, and factual underpinnings

NOTICE OF MOTION AND MOTION TO CORRECT CLERICAL ERROR
IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

supporting its standing as to the proper Plaintiff, are evidenced not only by the Pre-Trial Order but by various "Admitted Facts" establishing for all purposes (including trial) that, among other things, "Hannibal, Inc. dba Hannibal Pictures" was the party plaintiff in the underlying action. (*Id.* at pp. 2:27-4:14; RFJN, Exh "E" [Trial Transcript - Day 8, at pp. 173:18-175:13; RFJN, Exh. "F" [Document 160 - Joint Amended Joint Jury Instructions, at pp. 15-16]]. Notably, the "Admitted Facts," contained in the Pre-Trial Order, and read to the jury as part of the jury instructions, specifically include the following key elements:

- *Hannibal, Inc. dba Hannibal Pictures* is a corporation organized and existing under the laws of the State of California, with its principal place of business in Loss Angeles, California.

- *Hannibal, Inc. dba Hannibal Pictures* represented to Sonja Tremont-Morgan that it owned an option to purchase all rights to the theatrical motion picture entitled "Fast Flash to Bang Time."

- On or about January 9, 2006, Sonja Tremont-Morgan signed a deal memorandum on behalf of Sonja Productions, LLC with *Hannibal, Inc. dba Hannibal Pictures*, with respect to "Fast Flash to Bang Time."

- On January 25, 2006, Sonja Productions, LLC signed an amendment to the deal memorandum with *Hannibal, Inc. dba Hannibal Pictures* with respect to "Fast Flash to Bang Time."

- Sonja Productions, LLC stopped payment on a check to *Hannibal, Inc. dba*

6

*Hannibal Pictures*.

(RFJN, Exh. "D" [Document 128 - Pre-Trial Order at pp. 2:27-4:14; RFJN, Exh "E" [Trial Transcript - Day 8, at pp. 173:18-175:13].

In June 2009, the parties conducted a nine (9) day jury trial that resulted in a verdict in Plaintiff's favor on June 19, 2009. (*See* RFJN, Exh. "G" [Document 194 - Judgment]; Hamrick Decl., ¶ 10). Thereafter, on September 1, 2009, Judgment was entered in favor of Plaintiff and against Defendant. (*Id.*)   Through mistake or inadvertence, the Judgment erroneously read, in pertinent part, as follows:

1.  Judgment is entered in favor of Plaintiff **"***Hannibal Pictures, Inc.***"** and against Defendant Sonja Productions, LLC as to the claims of Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Fraud, and Negligent Misrepresentation and Defendant Sonja Tremont-Morgan as to the claims of Fraud and Negligent Misrepresentation in the amount of $6,816,294.00; and

2. Punitive Damages are awarded in favor of  Plaintiff **"***Hannibal Pictures, Inc.***"** and against Defendant Sonja Tremont-Morgan in the amount of $250,000.00; and

3. Costs are awarded in favor of Plaintiff "*Hannibal Pictures, Inc.*" and against Defendants Sonja Productions, LLC and Sonja Tremont-Morgan. . . .

7

HAMRICK & EVANS, LLP

(Emphasis added) (*See* RFJN, Exh. "A" [Document 194 - Judgment]).

Thereafter, Defendants made several unsuccessful post-trial motions. (Hamrick Decl., ¶ 11).  On or about October 23, 2009, Defendants filed a Notice of Appeal to the Ninth Circuit Court of Appeals.  (*Id.*)  Defendants filed a First Amended Notice of Appeal to the Ninth Circuit Court of Appeals on or about December 30, 2009. (*Id.*)  Significantly, Defendants never raised any "lack of standing" defense prior to or at trial, in their post-trials motions, or during the appeal process. (*Id.*)

On November 17, 2010, Defendant Morgan filed a petition for relief in New York Bankruptcy Court under Chapter 11 of the Bankruptcy Code, commencing a bankruptcy action entitled *In Re: Sonja Tremont-Morgan, et al.*, United States Bankruptcy Court, Southern District of New York, Case No: 10-16132-scc. (Hamrick Decl., ¶ 12).  On or about May 11, 2011, the Ninth Circuit Court of Appeals affirmed the Judgment in all respects.  (Hamrick Decl., ¶ 13).  On September 22, 2011, Hannibal Pictures, Inc. filed a proof of claim in the Bankruptcy Action (hereinafter the "Hannibal Claim").  (Hamrick Decl., ¶ 14).  On or about May 31, 2013, the Bankruptcy Court ordered and appointed a Chapter 11 Trustee. (*Id.*)

On May 31, 2013, Defendant (and Debtor) Morgan filed an Objection in the Hannibal Pictures claim in the Bankruptcy Action, arguing, among other things, that the Judgment (forming the basis of the Hannibal Claim) is void or should be voided because the entity designated as the "Plaintiff" in the Judgment (i.e., "Hannibal

Pictures, Inc.") did not exist at the time Judgment was entered. (Hamrick Decl., ¶ 15). Notably, the Bankruptcy Trustee, on behalf of Defendant (and Debtor) Morgan has subsequently withdrawn the Objection filed in the Bankruptcy Action, but has indicated that he may file the objection in the future. (Hamrick Decl., ¶ 16).

Notwithstanding the deficiencies in Defendant (and Debtor) Morgan's Objection to the Hannibal Claim, and the fact that Defendant (and Debtor) Morgan has (through the Bankruptcy Trustee) temporarily withdrawn the Objection to the Hannibal Claim, Plaintiff brings the instant Motion to correct the Judgment in this action order to ensure that the proper Plaintiff and real party in interest can enforce the Judgment in the Bankruptcy proceeding.

## III.   THE COURT HAS BROAD DISCRETION TO CORRECT CLERICAL MISTAKES IN A JUDGMENT

Under the Federal Rules of Civil Procedure, there are three types of Motions by which a judgment may be amended: (1) a motion to "alter or amend a judgment" under Fed.R.Civ.P. 59(e); (2) a motion to correct "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission" under Fed.R.Civ.P. 60(a); and (3) a motion for relief from the judgment under Fed.R.Civ.P. 60(b).

### A.   Rule 60(a)

Notably, Rule 60(a) provides, in pertinent part, as follows:

"(a) **corrections based upon clerical mistakes, oversights and**

9

HAMRICK & EVANS, LLP

**omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a Judgment, Order or other part of the record"

A motion under Rule 60(a) is available to correct a judgment "for the purpose of reflecting accurately a decision that the court actually made." *Truskoski v. ESPN, Inc.,* 60 F.3d 74, 77 (2d Cir. 1995); *Accord Paddington Partners v. Bouchard*, 34 F.3d 1132, 1140 (2d Cir. 1994) ("To be correctable under Rule 60(a), the [alleged error] in a judgment must fail to reflect the actual intention of the court."); 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2854 (2d ed. 1995) ("[A] motion under Rule 60(a) can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what originally was pronounced.").  A request to correct a judgment to reflect a party's correct name is clearly a motion under Rule 60(a). *See Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320, 325-26 (2d Cir. 1973) (holding it proper for district court to correct party misnomer in Judgment under Rule 60(a)).

## B.   <u>Rule 60(a) Is To Be Liberally Construed</u>

Rule 60(a) is to be liberally construed to promote substantial justice. *See e.g., MIF Realty L.P. v. Rochester Associates,* 92 F.3d 752 (8th Cir. 1996).  "A district court has very wide latitude in correcting clerical mistakes in a judgment." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987).  The "[p]ower to correct clerical

10

HAMRICK & EVANS, LLP

errors," as Plaintiff is trying to do in this case, "derives from Rule 60, not Rule

59(e)." *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) (citation omitted).

Moreover, the Ninth Circuit Court of Appeals has "consistently interpreted Rule

60(a) to allow a district court to correct omissions so long as those corrections are

limited to clarification of matters intended to be implied or subsumed by the original

judgment, rather than a change of course or a modification to the intended legal

effect of a judgment." *Id.*

Notably, a motion for relief from a judgment based on a clerical mistake

permits correction of *not only clerical mistakes*, but also for inadvertent errors when

correction is necessary to conform the order or judgment to the Court's

contemporaneous intent.  *See Robert Lewis Rosen Associates, Ltd. v. Webb*, 473 F.3d

498, 504-505, fn. 11 (2d Cir. 2007).

## C.   A Court Can Correct A Judgment Containing Errors Or Mistakes By The Parties

Furthermore, reflecting the broad scope of Rule 60(a) clerical corrections, "[a]

court may correct errors under Rule 60(a) *even when not committed by the clerk....*"

*In re Jee*, 799 F.2d 532, 535 (9th Cir. 1986) (emphasis added).  In other words, "[a]

mistake correctable under Rule 60(a) need not be committed by the clerk or the court

and Rule 60(a) is even available to correct mistakes by the *parties*."  *Matter of W.

Texas Mktg. Corp.*, 12 F.3d 497, 503-504 (5th Cir. 1994) (emphasis supplied); *See

also, Pattiz v. Schwartz*, 386 F.2d 300, 303 (8th Cir. 1968) (Mistakes by parties

NOTICE OF MOTION AND MOTION TO CORRECT CLERICAL ERROR
IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

correctable by Rule 60(a)).   In this regard, the language of the Rule 60(a) expressly states that the court has the power to correct a clerical or other mistake "arising from oversight or omission."

Rule 60(a) broadly permits correction by the Court of oversights that cause the judgment to fail to reflect what was intended at the time of trial. *Mullins v. Nickel Plate Mining Co., Inc.*, 691 F.2d 971, 973 (11th Cir. 1982); *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012).  Thus, the Court's responsibility under Rule 60(a) is to correct errors, created by mistake, oversight or omission, that cause the record or judgment to fail to reflect what was intended at time of trial. *Id.; See also, Matter of W. Texas Mktg. Corp.*, 12 F.3d 497, 504 (5th Cir. 1994).

**D.     Rule 60(a) Motions To Correct Judgments Can Be Made At Any Time**

Moreover, a Rule 60(a) error contained in a judgment can be corrected at *any time*.  Indeed, by authorizing correction of a mistake "whenever" it is found, Rule 60(a) unequivocally permits relief at *any time. Fed. R. Civ. P.* 60(a); *See also, Blanton v. Anzalone,* 813 F.2d 1574, 1577, fn. 1 (9th Cir. 1987) (a Rule 60(a) motion may be brought "at any time"); *Accord, Morgan Guar. Trust Co. of New York v. Third Nat. Bank of Hampden Cnty.*, 545 F.2d 758, 759 (1st Cir. 1976); *Pogor v. Makita U.S.A., Inc.*, 135 F.3d 384, 386-387 (6th Cir. 1998).  For example, in *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 679-680 (7th Cir. 2003), the Court held that when clerical errors in an original judgment came to light in post-judgment

HAMRICK & EVANS, LLP

12
NOTICE OF MOTION AND MOTION TO CORRECT CLERICAL ERROR
IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

enforcement proceedings *brought 17 years later*, the District Court was required to correct errors in judgment rather than deny enforcement, since under Rule 60(a), "[t]echnical repair work may be done *at any time . . . .*" (Emphasis added).

## IV.   PLAINTIFF IS ENTITLED TO A CORRECTED JUDGMENT UNDER RULE 60(a)

### A.   The Pre-Trial Conference Order Conclusively Established That Hannibal, Inc. dba Hannibal Pictures was the Plaintiff in this Action

In her Objection to the Hannibal Claim filed in the Bankruptcy Action, Defendant (and Debtor) Morgan challenges the Judgment creditor's (Hannibal's) Bankruptcy claim based on the erroneous reference to "Hannibal Pictures, Inc.," in the Judgment, claiming that no such entity existed prior to entry of the Judgment. However, Defendant conveniently ignores the critical fact that the Pre-Trial Order - which supersedes the pleadings and controls the subsequent course of the action - correctly designates "Hannibal, Inc. dba Hannibal Pictures" as the "Plaintiff" asserting the claims in this action.  (RFJN, Exh. "D" [Document 128 - Pre-Trial Order at p. 2: 1-2; pp. 2:27-4:14).  As such, the Judgment which identifies the Plaintiff as Hannibal Pictures, Inc., is a clear misnomer resulting from a clerical error and the Court should correct the Judgment so that it reflects the correct Plaintiff and real party in interest "Hannibal, Inc. dba Hannibal Pictures."

Indeed, there can be no disagreement that, as a matter of law, that the pre-trial order is the controlling document for purposes of trial.  In this regard, a pre-trial

HAMRICK & EVANS, LLP

order is "deemed to amend any previous pleadings" and "control[s] the subsequent course of the action." *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) (citations omitted); *Accord Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) (citations omitted) ("A pretrial order has the effect of amending the pleadings" and "controls the subsequent course of action in the litigation."); *See also*, Rule 16(d); *Erff v. MarkHon Indus., Inc.,* 781 F.2d 613, 617 (7th Cir. 1986) ("Because the parties rely on the pre-trial conference to inform them precisely what is in controversy, the pre-trial order is treated as superseding the pleadings and establishes the issues to be considered at trial."); *Lane v. Geiger-Berger Associates, P.C.,* 608 F.2d 1148, 1152 (8th Cir. 1979) ("It is well settled that the pre-trial order supersedes the pleadings and establishes the issues to be considered at trial."). Of significant import here, incorrectly articulated pleadings, including mistakes in parties' names, are superseded by the Pre-Trial Order. *Expertise, Inc. v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987) ("When an issue is set forth in a pretrial order, it is not necessary to amend previously filed pleadings."). Based upon the legal impact of a Federal Court Pre-Trial Order, there can be no cognizable dispute that, notwithstanding the original erroneous name designation of the Plaintiff in the Complaint, the named Plaintiff in the case was amended and superseded by virtue of the Pre-Trial Order, which property identified Hannibal, Inc. dba Hannibal Pictures as the correct Plaintiff in this action.

**B.**   **The Facts Admitted By Defendants Conclusively Establish that Hannibal, Inc. dba Hannibal Picture was the Plaintiff and Real Party In Interest in the Action and That Defendants Knew These Facts**

The underlying record also clearly establishes that Hannibal, Inc. dba Hannibal Pictures was the party entitled to Judgment in this action as a matter of law. The subject record unequivocally chronicles Defendants' knowledge of the aforementioned fact.  In addition to identifying the Plaintiff as Hannibal, Inc. dba Hannibal Pictures, the Pre-Trial Order contains certain salient facts set forth as "Admitted Facts" in the case which reflects an agreement and stipulation by Defendants that Hannibal, Inc. dba Hannibal Pictures was the actual Plaintiff and true real party in interest in the subject action. (RFJN, Exh. "D" [Document 128 - Pre-Trial Order at pp. 2:27-4:14] and RFJN, Exh. "E" [Trial Transcript - Day 8, at pp. 173:18-175:13]; RFJN, Exh. "F" [Document 160 - Joint Amended Joint Jury Instructions, at pp. 15-16]).  These "Admitted Facts" (set forth above in detail) were specifically stipulated to by Defendants as a part of the Pre-Trial Order. Significantly, the Pre-Trial Order was negotiated and jointly drafted by Plaintiff's and Defendants' respective attorneys, and were read by the Court to the jury at trial as *established facts*.  (*Id.*; Hamrick Decl., ¶ 7).  Thus, the Pre-Trial Order, by virtue of the "Admitted Facts" and other items, establishes that Defendants, including Defendant Morgan, knew and unequivocally acknowledged that Hannibal, Inc. dba Hannibal Pictures was the Plaintiff and real party in interest in this action.

NOTICE OF MOTION AND MOTION TO CORRECT CLERICAL ERROR
IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

**C.**   **A Rule 60(a) Correction of the Plaintiff's Name in the Subject Judgment is Appropriate in This Instance.**

The decision in *Fluoro Electric Corp. v. Branford Assoc.*, 489 F.2d 320 (2d Cir. 1973) ("*Branford*") amply supports Plaintiff's claim that it is entitled to correct the Judgment in this matter under Rule 60(a). There, the District Court granted the Plaintiff's ("Fluoro's") Rule 60(a) Motion, allowing Fluoro to correct the judgment by changing the name of the Defendant from "*Branford Associates, a corporation*" to "*Branford Associates*," (a partnership). In its Complaint, Fluoro erroneously identified the Defendant as "Branford Associates, a corporation." *Id.* at p. 322. The Defendant filed its Answer as "Branford Developers, Inc. (sued herein as Branford Associates)" and set forth its defenses to the Plaintiff's case. *Id.*

After Fluoro secured a judgment against "Bradford Associates, a corporation," it attempted to levy against certain bank accounts in the name of "Branford Associates" and "Branford Developers, Inc." *Id.* Since the name on Fluoro's Judgment did not match the names on the bank accounts, Fluoro brought a Rule 60(a) Motion to correct the name of the Defendant in the judgment. *Id.* at pp. 322-323.

After the District Court granted Fluoro's Rule 60(a) Motion, the Defendant appealed, arguing that Fluoro's Motion sought a substantive change in the Judgment. On appeal, the Defendant contended that Fluoro sought to substitute a *new* and different Defendant in the Judgment in place of Branford Developers, Inc., after it

discovered that Branford Developers, Inc., (the answering Defendant) had little or no assets. *Id.* at p. 324.  In addition, the Defendant argued that "*Branford Associates*" had never appeared in the case and thus did not have an opportunity to present its defense to Fluoro's Complaint. *Id.* at pp. 323-324.

The Second Circuit Court of Appeals summarily rejected the Defendant's argument, holding that Fluoro's Rule 60(a) Motion was properly granted.  The *Branford* Court reasoned that, notwithstanding the fact that the Branford entities were different legal structures, the party was in substance the same organization, regardless of name. *Id.* at pp. 325-326.  Thus, the *Branford* Court determined that "Branford Associates," the partnership, was in fact the entity Fluoro sought to hold liable regardless of occasional references to it being a corporation and regardless of the erroneous designations in the pleadings and judgment. *Id.*  The *Branford* Court further observed that "Branford Associates, a corporation" had never existed, but that the defendant had raised no objection in open court or during pre-trial stages to the use of "Branford Associates, Inc." in references to the Defendant by the Court and by Fluoro. *Id.* at p. 325.  Consequently, the *Branford* Court held there was no error in granting Fluoro's Motion for correction of a misnamed party Defendant in the judgment on grounds that it was a proper correction of a misnomer under Rule 60(a). *Id.* at p. 326.

More compelling than the *Branford* case, the facts underlying Hannibal Inc.'s Rule 60(a) Motion establish an even more indisputable and straightforward right to

HAMRICK & EVANS, LLP

relief.  Unlike in *Branford*, Hannibal's motion presents no "due process" concerns since there is no dispute that Defendants had their day in court and that they caused approximately $7 million in damages.  Here, there can be no contention that the subject Defendants are not the proper Defendants or that they are not the parties responsible for the damages awarded in the Judgment.  *See* RFJN, Exh. "D" [Document 128 - Pre-Trial Order at p. 2: 1-2 and pp. 2:27-4:14; RFJN, Exh "E" [Trial Transcript - Day 8, at pp. 173:18-175:13].

Moreover, there is no legitimate basis to argue that someone other than Hannibal, Inc. dba Hannibal Pictures was the entity prosecuting this action or that Defendant was deprived of some defense or was prejudiced by (as Hannibal anticipates Defendants will argue) the occasional mistaken references to Hannibal Pictures, Inc.  As demonstrated above, the underlying "Admitted Facts" and the Pre-Trial Order *both* establish that Hannibal, Inc. dba Hannibal Pictures was the Plaintiff and real party in interest.  Likewise, the stipulated facts establish that Defendants *knew* that Hannibal, Inc. dba Hannibal Pictures was the real party in interest and the party entitled to Judgment.

Defendants' repeated refrain that that there was no entity named "Hannibal Pictures, Inc." prior to the entry of Judgment actually undermines Defendants' position.  In other words, if Defendants caused damages in excess of $7 million and the Plaintiff designated on the Judgment (Hannibal Pictures, Inc.) did not exist prior to entry of Judgment – To whom did Defendants cause damage?  The answer is

18

HAMRICK & EVANS, LLP

straight forward:  Hannibal, Inc. dba Hannibal Pictures, the Plaintiff designated in the Pre-Trial Order, referenced in the "Admitted Facts" and the entity that entered into the contract with Defendants.

In an effort to further muddy the waters, Defendants imply some sinister motive to the fact that Hannibal Inc.'s principal created an entity named "Hannibal Pictures, Inc." **after** the Judgment was entered.  Here again, Defendants' reference to the post-Judgment creation of an entity named "Hannibal Pictures, Inc." is irrelevant in that it does not change the fact that Defendants were afforded ample due process, had their day in Court and were found liable for approximately $7 million in damages.  Moreover, even assuming it was relevant (which it is not), there was no sinister motive for the post-Judgment creation of the entity – In fact, the creation of the entity arose from the principal's desire to deal with the confusion caused by Plaintiff's name by creating an entity with a less complicated name. (*See* Rionda Decl., ¶'s 2-7).

Simply put, the erroneous designation of the Plaintiff in the final judgment was clearly the product of an oversight or omission which resulted in a clerical error. Unlike in *Branford* were Defendants made a plausible lack of due process argument, Hannibal's Motion does not raise any due process concerns as Defendants had their day in Court and were clearly aware that the party prosecuting the action, the real

party in interest and correct Plaintiff was Hannibal, Inc. dba Hannibal Pictures.[1]

## D.   Defendants' Failure to Identify the "Lack of Standing" Defense in the Pre-Trial Order Constitutes a Waiver of This Defense

The conclusion that Defendants knew that Hannibal, Inc. dba Hannibal Pictures was the actual Plaintiff prosecuting the action, the real party in interest and the party entitled to Judgment is supported by the fact that Defendant Morgan never raised the "standing" issue at trial.  In other words, Defendant Morgan certainly had ample opportunity to conduct discovery and assert a "lack of standing" defense at trial if it had truly believed that the "real party in interest" was not prosecuting the action.  However, Defendants failed to do so.  Consequently, as a matter of law, Defendant Morgan's post-Judgment attempt to assert a lack of standing defense is improper and devoid of merit as Defendants waived any such defense by: (1) failing to identify the defense in the Pre-Trial Order and (2) failing to raise the defense at trial.

It is well established law that defenses not included in the Pre-Trial Order are waived. *Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007); *See S. California Retail Clerks Union & Food Employers Joint Pension Trust Fund v. Bjorklund*, 728

---

[1] Hannibal, Inc. anticipates that Defendants will argue that the intent of the Court was to somehow award a Judgment to Hannibal Pictures, Inc. (a then non-existent corporation) because there are some "occasional" references to that entity in the jury instructions.  However, the occasional mistaken references to Hannibal Pictures, Inc. in the jury instructions does not modify the Pre-Trial Conference Order designation of the proper Plaintiff, nor refute the fact that the real party in interest with respect to the action was clearly Hannibal, Inc. dba Hannibal Pictures.

F.2d 1262, 1264 (9th Cir. 1984) ("*Bjorklund*") (Concluding that issue was waived where no colorable reference to defense in pretrial order).  Under federal law, "prudential standing" requires the Plaintiff to assert its own claims rather than the claims of another.  *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004).  Unlike constitutional standing, *prudential standing does not derive from the Constitution and is waived by a Defendant if not properly or timely raised.*[2]  *See Pershing Park Villas Homeowners Ass'n v. United Pacific Ins. Co.* (9th Cir. 2000) 219 F.3d 895, 899-900; *See also, Lee v. Deloitte & Touche LLP* (N.D. Ill. 2006) 428 F.Supp.2d 825, 831 ("Objections to standing based upon prudential considerations are waived if not timely raised.").

Moreover, the Ninth Circuit Court of Appeals has "consistently held that issues not preserved in the pretrial order have been eliminated from the action." *Bjorklund, supra,* 728 F.2d at p. 1264, citing *United States v. Joyce,* 511 F.2d 1127, 1130 fn. 1 (9th Cir. 1975); *See e.g., Pershing Park Villas, supra,* 219 F.3d at p. 901 ("The District Court did not abuse its discretion in determining that [Defendant] waived any objections to the developers' third-party standing to assert those claims when [Defendant] failed to designate the issue for trial in the pretrial order.").  Even

---

[2] Constitutional standing contains the following three elements: (1) the plaintiff must have suffered an "injury in fact;" (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife* (1992) 504 U.S. 555, 560-561; *McMichael v. Napa County* (9th Cir. 1983) 709 F.2d 1268, 1270.

NOTICE OF MOTION AND MOTION TO CORRECT CLERICAL ERROR
IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

HAMRICK & EVANS, LLP

further, "[a] defendant must enumerate its defenses in a pretrial order *even if the plaintiff has the burden of proof.*"  *El-Hakem v. BJY Inc.*, 415 F.3d 1068, 1077 (9th Cir. 2005) (Emphasis added); *See also, McLean Contracting Co. v. Waterman Steamship Corp.*, 277 F.3d 477, 479 (4th Cir. 2002), citing *Gorlikowski v. Tolbert,* 52 F.3d 1439, 1442-1444 (7th Cir. 1995) (upholding the District Court's exclusion of a defense theory for failure to include it in the pretrial order, *despite the fact that the Plaintiff bore the burden of proof on the issue*).

Here, the Pre-Trial Order states that "[t]he parties will be precluded from presenting" claims or defenses not set forth" in the Pre-Trial Order.  (RFJN, Exh. "D" [Document 128 - Pre-Trial Order at p.4: 19-25). In addition,the Pre-Trial Order is conspicuously bereft of any "lack of standing" defense asserted by the Defendants. Indeed, as reflected by the Pre-Trial Order, Defendants only identified the following four (4) defenses:  "condition precedent not met, assumption of the risk, contributory negligence, and unclean hands." (*See Id.* at p. 24: 13-18)  Based on plethora of authority cited above, Defendants have clearly waived all other defenses, including any defense that Plaintiff "lacked standing" since they did not identify this defense in the applicable Pre-Trial Order.

### E.   Defendants' Failure to Assert and Establish Any "Lack of Standing Defense" at Trial Constitutes a Waiver

In the Bankruptcy Action, Defendant Morgan, for the first time, raised a "lack of standing" defense claiming that she recently discovered that an entity named

22

"Hannibal Pictures, Inc.," was created after the entry of Judgment.  (Hamrick Decl., ¶'s 11, 15 and 16).  In other words, Defendant Morgan argues that Plaintiff lacked standing because there was no entity named Hannibal Pictures, Inc. prior to the entry of Judgment. (Hamrick Decl., ¶'s 15 and 16).  Setting aside the fact that Hannibal, Inc. dba Hannibal Pictures was in existence and was the real party in interest in the subject lawsuit prior to the entry of Judgment, Defendant Morgan's argument fails because she failed to assert and prove the "lack of standing" defense at trial. (Hamrick Decl., ¶'s 11 and 16).

The record clearly reflects Defendant Morgan never raised the defense that "Hannibal Pictures, Inc." lacked standing prior to or at trial.  (*Id.*).  In fact, Defendant Morgan *concedes* this point in her Objection filed in the Bankruptcy Action. (Hamrick Decl., ¶ 16).  In any event, it is blatantly obvious that Defendant Morgan did not raise this defense because she knew that Hannibal, Inc. dba Hannibal Pictures was the real party in interest as established by the Pre-Trial Order.  Accordingly, Defendant Morgan's failure to raise the "lack of standing" defense at trial results in a waiver of Defendant's purported defense. *See Chicago & Northwestern Transp. Co. v. Negus–Sweenie, Inc.*, 549 F.2d 47, 49-50 (8th Cir. 1977) (a real party in interest defense was waived because it was not raised during the trial court proceedings); *See also, Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*, 219 F.3d 895, 899-900 (9th Cir. 2000), citing *Sycuan Band of Mission Indians v. Roache,* 54 F.3d 535, 538 (9th Cir. 1995) (as amended) ("a party waives objections to

23

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

nonconstitutional standing not properly raised before the District Court.").

The rule requiring a Defendant to raise defenses at trial serves to provide the Plaintiff an opportunity to respond to the Defendant's attack.  Defendant Morgan cannot simply remain quiet, wait for the Judgment to be entered, delay for years, and then spring her new "lack of standing" defense without providing Plaintiff an opportunity to cure the purported problem.  This principle is expressly embodied in Rule 17(a)(3) of the *Federal Rules of Civil Procedure*, which provides, in pertinent part, as follows:

> "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest."

Moreover, the express language of Rule 17(a)(3) "implies that the [real party in interest] defense may *not* be raised at any time, for the real party must have the opportunity to step into the 'unreal' party's shoes and should not be prejudiced by undue delay." *See Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Cir. 1992) (emphasis in original).  This is because "[i]f an objection to plaintiff's right to institute an action is sustained by the trial judge, Rule 17 allows the joinder or substitution of the real party in interest in the action to avoid forfeiture or injustice." *Chicago & Nw. Transp.*

24

*Co. v. Negus-Sweenie, Inc.*, 549 F.2d 47, 50 (8th Cir. 1977).  Consequently, even if Defendant Morgan had raised the "lack of standing" defense at trial, Hannibal would have had an opportunity to correct the purported error.

## V.    CONCLUSION

Defendants belated attempts to "void" the judgment entered in this action are not compelling and are belied by the legal and factual underpinnings of this dispute.  As evidenced by the above, there can be no convincing claim that Hannibal, Inc. dba Hannibal Pictures was not the Plaintiff prosecuting this action, the real party in interest and the party entitled to judgment in this action.  Nor can Defendants dispute, with a straight face, that they did not know and acknowledge the proper party Plaintiff as part of the trial proceedings.  Moreover, any purported claim of "lack of standing" has clearly been waived.  These facts, together with the fact no other entity existed (such as Hannibal Pictures, Inc.) that could be the real party in interest, categorically establishes that the intent of the Court and the intended legal effect of the Judgment was to award Hannibal, Inc. dba Hannibal Pictures approximately $7 million in damages.

For the foregoing reasons, there can be no *bona fide* contention that the intention of the Court in this action was not to award approximately $7 million in damages to Hannibal, Inc. dba Hannibal Pictures and in furtherance of substantial justice the Plaintiff's name in the judgment should be corrected.  Plaintiff therefore

///

HAMRICK & EVANS, LLP

///

respectfully requests that the Court correct the Judgment so that the misnomer in the

Plaintiff's name in the Judgment reflects the correct Plaintiff and real party in interest

Hannibal, Inc. dba Hannibal Pictures.

DATED: November 1, 2013          HAMRICK & EVANS, LLP


By: _*/s/ A. Raymond Hamrick, III*_
A. RAYMOND HAMRICK III
MARTIN J. BARAB
Attorneys for Plaintiff, HANNIBAL, INC.
dba HANNIBAL PICTURES (Erroneously
referred to as "HANNIBAL PICTURES,
INC.")

NOTICE OF MOTION AND MOTION TO CORRECT CLERICAL ERROR
IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES

HAMRICK & EVANS, LLP