A. Raymond Hamrick III (State Bar 93821)
aray@hamricklaw.com
Martin J. Barab (State Bar 47419)
HAMRICK & EVANS, LLP
111 Universal Hollywood Drive, Suite 2200
Universal City, California 91608
Telephone: (818) 763-5292
Facsimile:   (818) 763-2308

Attorneys for Plaintiff,
HANNIBAL INC., dba HANNIBAL PICTURES
(Erroneously referred to as "HANNIBAL PICTURES, INC.")

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNIBAL PICTURES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SONJA PRODUCTIONS, LLC, a Delaware limited liability company; SONJA TREMONT-MORGAN an individual; JOHN ADAMS MORGAN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS. | CASE NO. CV06-1814 WDK (VBKx)<br><br>(Case assigned to Hon. William D. Keller)<br><br>**DECLARATION OF A RAYMOND HAMRICK III IN SUPPORT OF MOTION TO CORRECT A CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**<br><br>Hearing Date:    December 9, 2013<br>Time:               10:00 a.m.<br>Location:         Court Room 1600<br><br>*[Filed concurrently with Plaintiff's Notice of Motion and Motion to Correct a Clerical Error in Party Identification in Judgment; Memorandum of Points and Authorities in Support Thereof; Supporting Declaration of Richard Rionda Del Castro; Request for Judicial Notice; [Proposed] Order; and [Proposed Corrected] Judgment]* |

- 1 -

I, A. RAYMOND HAMRICK, III, declare as follows:

1.     I am a partner with the law firm of Hamrick & Evans, LLP, counsel of record for Plaintiff, Hannibal Inc., dba Hannibal Pictures (erroneously referred to as Hannibal Pictures, Inc., and hereinafter sometimes referred to for convenience as "Plaintiff" or "Hannibal").  I am one of the principal attorneys responsible for handling this litigation on Hannibal's behalf and was one of the lead trial attorneys in this matter which resulted in the entry of Judgment in favor of Plaintiff.  I have personal knowledge of the facts stated in this Declaration and, if called as a witness, could and would testify competently to those facts.

2.     This Declaration is submitted in support of Plaintiff's Motion to Correct a Clerical Error in Party Identification in Judgment.  This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on September 30, 2013, October 11, 2013 and October 21, 2013.

3.     As reflected by the Request for Judicial Notice filed concurrently herewith, on August 11, 2005, Hannibal Inc. filed a Fictitious Business Name Statement with the Los Angeles County Registrar-Recorder/County Clerk to do business as "Hannibal Pictures."  (See RFJN, Exh. "B" [Document No. 05-1924890]).

4.     The record in this matter also reflects that on or about January 9, 2006, Defendant Sonja Tremont-Morgan signed a deal memorandum on behalf of Defendant Sonja Productions, LLC with Hannibal Inc., dba Hannibal Pictures, with respect to "Fast Flash to Bang Time." (RFJN, Exh. "D" [Document 128 - Pre-Trial Conference Order at p. 3:23-27], RFJN, Exh. "E" [Trial Transcript - Day 8, at pp. 175:4-6]; RFJN, Exh. "F" [Document 160 - Amended Joint Jury Instructions, at p. 15, Item No. 10]).  Of particular significance, the contract between Hannibal and Sonja Productions, which formed the basis of the Fraud, Negligent Misrepresentation, Breach of the Covenant of Good Faith and Fair

- 2 -

1  Dealing, and Breach of Contract claims in this action, reflects that Hannibal Inc.,

2  dba Hannibal Pictures was the contracting party.  Further, all of the activities

3  related to the subject dispute between Hannibal Inc., dba Hannibal Pictures and

4  Defendants took place between October 2005 and April 2006, and no entity named

5  "Hannibal Pictures, Inc." (i.e., the entity designated as the "Plaintiff" in the

6  Judgment) existed prior to the entry of Judgment, or at the time Judgment was

7  entered, in the instant lawsuit.  Specifically, the Judgment in this action was

8  entered on September 1, 2009 and no entity named  "Hannibal Pictures, Inc."

9  existed until December 29, 2009. (*See* RFJN, Exh. "A" [Document 194  -

10  Judgment]; RFJN, Exh. "H").

11       5.       Notwithstanding the relevant facts identified in Paragraphs 3 and 4 of

12  this Declaration, on February 24, 2006, Hannibal's original counsel of record, the

13  law firm of Quinn Emanuel Urquhart Oliver & Hedges ("Quinn Emanuel"), filed

14  an action in Los Angeles Superior Court against Defendants, erroneously

15  identifying the Plaintiff as *"Hannibal Pictures, Inc*." (the "Superior Court Action")

16  (*See* RFJN, Exh. "C").  Thereafter, Defendants removed the Superior Court Action

17  to this Court based upon diversity where the case ultimately progressed to trial,

18  verdict and subsequent entry of Judgment.

19       6.       The law firm of Hamrick & Evans, LLP substituted in place of Quinn

20  Emanuel as counsel of record for Hannibal in this action on or about April 18,

21  2007. (*See* Exhibit "A" hereto).

22       7.       I, together with Counsel for Defendants in this action, negotiated and

23  jointly drafted a Pre-Trial Conference Order (hereinafter referred to as the "Pre-

24  Trial Order").  During these discussions and negotiations, it became apparent that

25  the Complaint incorrectly identified the Plaintiff as "Hannibal Pictures, Inc."

26  Accordingly, the Pre-Trial Order was particularly drafted to correct this misnomer

27  and to properly identify the proper party Plaintiff in this action, as well as the

28                                                       - 3 -

1  underlying facts.  This ultimately was reflected in the Pre-Trial Order which
2  corrected the erroneous designation of "Hannibal Pictures, Inc.," as the Plaintiff in
3  the caption and in the body of the Complaint to identify the Plaintiff as "Hannibal
4  Inc., dba Hannibal Pictures."  In this regard, the Pre-Trial Order specifically
5  identifies the Plaintiff as "Hannibal Inc., dba Hannibal Pictures" (RFJN, Exh. "D"
6  [Document 128 - Pre-Trial Order at p. 2: 1-2]) and the Pre-Trial Order expressly
7  states that it "shall supersede the pleadings. . . ." (*Id.* at p. 30: 2-8]).  The Pre-Trial
8  Order also expressly provides, "[a]ll parties named in the pleadings and not
9  identified in the preceding paragraph [i.e., Hannibal Pictures, Inc.] are now
10  dismissed." (*Id.* at p. 2: 4-5) (emphasis added).

11         8.     Furthermore, the Pre-Trial Order includes the following "Admitted
12  Facts," which establish Hannibal Inc., dba Hannibal Pictures as the real party in
13  interest:

14             a.     *Hannibal, Inc. dba Hannibal* Pictures is a corporation
15             organized and existing under the laws of the State of
16             California, with its principal place of business in Loss Angeles,
17             California.

18             b.     *Hannibal, Inc. dba Hannibal Pictures* represented to Sonja
19             Tremont-Morgan that it owned an option to purchase all rights to the
20             theatrical motion picture entitled "Fast Flash to Bang Time."

21             c.     On or about January 9, 2006, Sonja Tremont-Morgan signed a
22             deal memorandum on behalf of Sonja Productions, LLC with
23             *Hannibal, Inc. dba Hannibal Pictures*, with respect to "Fast Flash to
24             Bang Time."

25             d.     On January 25, 2006, Sonja Productions, LLC signed an
26             amendment to the deal memorandum with *Hannibal, Inc. dba*
27             *Hannibal Pictures* with respect to "Fast Flash to Bang Time."

28

- 4 -

e.     Sonja Productions, LLC stopped payment on a check to *Hannibal, Inc. dba Hannibal Pictures*.

(*Id.* at pp. 2:27-4:14).

9.     These "Admitted Facts" were also included in the parties' Amended Joint Jury Instructions and read to the jury by the Court. (RFJN, Exh. "E" [Trial Transcript - Day 8, at pp. 173:18-175:13]; RFJN, Exh. "F" [Document 160 - Amended Joint Jury Instructions, at pp. 15-16]).

10.     In June 2009, the parties conducted a nine (9) day jury trial before the Honorable William D. Keller which commenced on June 9, 2009 and which resulted in a verdict in Plaintiff's favor on June 19, 2009.  Thereafter, on September 1, 2009, Judgment was entered in favor of Plaintiff and against Defendants Sonja Tremont-Morgan and Sonja Productions, LLC (collectively, "Defendants").  Through mistake or inadvertence, a clerical error occurred in the preparation of the Judgment and the Judgment erroneously contained a misnomer as to the name of Plaintiff, reading, in pertinent part, as follows:

a.     Judgment is entered in favor of Plaintiff "Hannibal Pictures, Inc." and against Defendant Sonja Productions, LLC as to the claims of Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Fraud, and Negligent Misrepresentation and Defendant Sonja Tremont-Morgan as to the claims of Fraud and Negligent Misrepresentation in the amount of $6,816,294.00; and

b.     Punitive Damages are awarded in favor of Plaintiff "Hannibal Pictures, Inc." and against Defendant Sonja Tremont-Morgan in the amount of $250,000.00; and

- 5 -

| | |
|---|---|
| 1 |         c.      Costs are awarded in favor of Plaintiff "Hannibal Pictures, |
| 2 | Inc." and against Defendants Sonja Productions, LLC and |
| 3 | Sonja Tremont-Morgan. . . . |
| 4 | (Quotations added) (*See* RFJN, Exh. "A" [Document 194  - Judgment]). |
| 5 |      11.    Thereafter, Defendants made several unsuccessful post-trial motions. |
| 6 | On or about October 23 2009, Defendants filed a Notice of Appeal to the Ninth |
| 7 | Circuit Court of Appeals.  Defendants filed a First Amended Notice of Appeal to |
| 8 | the Ninth Circuit Court of Appeals on or about December 30, 2009.  Defendants |
| 9 | never raised any "lack of standing" defense prior to or at trial, in their post-trials |
| 10 | motions, or during the appeal process. |
| 11 |      12.    On November 17, 2010, Defendant Sonja Tremont-Morgan filed a |
| 12 | petition for relief under Chapter 11, thereby commencing the bankruptcy action |
| 13 | entitled, *In Re: Sonja Tremont-Morgan, et al.*, United States Bankruptcy Court, |
| 14 | Southern District of New York, Case No: 10-16132-scc (the "Bankruptcy |
| 15 | Action"). |
| 16 |      13.    As reflected by the Request for Judicial Notice filed concurrently |
| 17 | herewith, on May 11, 2011, the Ninth Circuit Court of Appeals affirmed the |
| 18 | Judgment entered in this action.  (*See* RFJN, Exh. "I"). |
| 19 |      14.    On September 22, 2011, Hannibal filed a proof of claim in the |
| 20 | Bankruptcy Action (hereinafter the "Hannibal Claim").  On May 31, 2013, the |
| 21 | Bankruptcy Court ordered and appointed a Chapter 11 Trustee in the Bankruptcy |
| 22 | Action. |
| 23 |      15.    On May 31, 2013, Defendant and Debtor, Sonja Tremont-Morgan |
| 24 | ("Defendant Morgan") filed an Objection in the Bankruptcy Action, arguing that |
| 25 | the Judgment (forming the basis of the Hannibal Claim) is void or should be |
| 26 | voided because the entity designated as the "Plaintiff" in the Judgment (i.e., |
| 27 | "Hannibal Pictures, Inc.") did not exist prior to entry of Judgment and thus "lacked |
| 28 | |

standing." (*See* RFJN, Exh. "J").  Specifically, Defendant Morgan premises her Objection on Rule 60(b) of the *Federal Rules of Civil Procedure*, claiming that her Objection arose from "newly discovered evidence" (i.e., that an entity named Hannibal Pictures, Inc. was incorporated after the entry of Judgment). *(Id.* at p. 1, ¶ 1).  In this regard, in her Objection filed in the Bankruptcy Action, Defendant Morgan *concedes* that she never raised the defense that "Hannibal Pictures, Inc." lacked standing prior to, or at trial in, this action.

16.    Notably, Defendant Morgan's Objection filed in the Bankruptcy Action has since been withdrawn by a recently appointed Bankruptcy Trustee (the "Trustee").  However, notwithstanding the withdrawal of this Objection, I understand that the Trustee may seek to assert this Objection at a later time.  Accordingly, Plaintiff seeks to correct the clerical error in the Judgment so that any claimed infirmities as to the Hannibal Claim in the Bankruptcy Action will be eliminated, and the Judgment in this action can be properly enforced.

17.    Based upon the above, the Pre-Trial Conference Order, the Request for Judicial Notice, the Declaration of A. Raymond Hamrick, III, and the Declaration of Richard Rionda Del Castro (Plaintiff's principal), there can be no reasonable dispute that Hannibal Inc., dba Hannibal Pictures was the Plaintiff prosecuting the action, the real party in interest and the party entitled to Judgment in this action.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 1st day of November, 2013 at Universal City, California.

A. Raymond Hamrick, III, Declarant

- 7 -