1
2
3
4
5

FRED NEUFELD, State Bar No. 150759
  fneufeld@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
100 Wilshire Boulevard
Fourth Floor
Santa Monica, CA 90401
Telephone: (424) 214-7000
Facsimile: (424) 214-7010

6
7
8
9
10

JEREMY G. SUITER, State Bar No. 203853
  jsuiter@sycr.com
TRAVIS P. BRENNAN, State Bar No. 238119
  tbrennan@sycr.com
STRADLING YOCCA CARLSON & RAUTH, P.C.
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

11
12

Attorneys for IAN J. GAZES,
Chapter 11 Trustee for the
Bankruptcy Estate of
Defendant SONJA TREMONT-MORGAN

13
14
15
16

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

17
18
19
20
21
22
23
24

| | |
|---|---|
| HANNIBAL PICTURES, INC. a California corporation, | CASE NO. CV06-1814 WDK (VBKx) |
| Plaintiff, | **CHAPTER 11 TRUSTEE IAN J. GAZES'S OPPOSITION TO PLAINTIFF'S MOTION TO CORRECT ERROR IN PARTY IDENTIFICATION IN JUDGMENT** |
| v. | |
| SONJA PRODUCTIONS, LLC, a Delaware limited liability company; SONJA TREMONT-MORGAN, an individual; JOHN ADAMS MORGAN, an individual; and DOES 1 through 10, inclusive, | [*Filed concurrently with supporting Declarations of Ian J. Gazes and Travis P. Brennan, and Evidentiary Objections*] |
| Defendants. | Hearing:<br>Date:      December 9, 2013<br>Time:      10:00 a.m.<br>Ctrm:      1600 |

25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084607v8/102915-0001

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................... 1

II.   BACKGROUND .................................................................................3

    A.   "Hannibal Pictures, Inc." contracts with Morgan's company and sues her in 2006, even though that entity did not exist at the time........................................................................................................3

    B.   Despite Rionda's 2007 admission that it did not exist, "Hannibal Pictures, Inc." continues to prosecute this action for two years. ...............................................................................................4

    C.   Even after the 2009 Pretrial Order, "Hannibal Pictures, Inc." calls itself the Plaintiff in the jury instructions and verdict form. ........5

    D.   The jury renders a verdict for "Hannibal Pictures, Inc.," and the Court enters judgment in favor of "Hannibal Pictures, Inc." ..............6

    E.   "Hannibal Pictures, Inc." incorporates in late 2009 after the Court enters judgment in its favor. .......................................................7

    F.   In 2010, three months after incorporation, "Hannibal Pictures, Inc." files a verified petition stating it was incorporated in 2006.........7

    G.   "Hannibal Pictures, Inc." continues to identify itself as Plaintiff and judgment creditor for several years.................................................8

    H.   After Morgan files bankruptcy, "Hannibal Pictures, Inc." files a proof of claim based on the judgment. ...................................................8

    I.   In June 2013, after Morgan learns that Hannibal Pictures, Inc. did not exist at the time of judgment, another entity, "Hannibal, Inc." contends it was the proper plaintiff all along.............................9

III.  RULE 60(A) STANDARD ................................................................9

IV.   ARGUMENT .................................................................................. 10

    A.   Rule 60(a) does not apply because the judgment accurately recorded the jury verdict. ..................................................................... 11

    B.   Rule 60(a) does not permit the Court to alter a judgment to conform to a pretrial order. ................................................................. 13

    C.   Plaintiff's new position, that Hannibal, Inc. is the plaintiff, is inconsistent with Rionda's sworn admissions and Plaintiff's actions before and after entry of judgment. ......................................... 14

V.    CONCLUSION ............................................................................... 16

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

i

1

## TABLE OF AUTHORITIES

**Page(s)**

2

**CASES**

3

*Blanton v. Anzalone,*

4
    813 F.2d 1574 (9th Cir. 1987) ....................................................................... 10, 11

5

*Dura-Wood Treating Co. v. Century Forest Indus.,*

6
    694 F.2d 112 (5th Cir. 1982) ................................................................................ 10

7

*Fluoro Electric Corporation v. Branford Associates,*

8
    489 F.2d 320 (2d. Cir. 1973) .............................................................................. 13

9

*Garamendi v. Henin,*

10
    683 F.3d 1069 (9th Cir. 2012) ...................................................................... 10, 11

11

*In re Cabrini Med. Ctr.,*
    489 B.R. 7 (S.D.N.Y. 2012) ............................................................................... 10

12

13

*Marine Midland Bank v. Breeden (In re Bennett Funding Group, Inc.),*
    255 B.R. 616 (N.D.N.Y. 2000) .......................................................................... 10

14

15

*Maxus Energy Corp. v. United States,*
    31 F.3d 1135 (Fed. Cir. 1994) ........................................................................... 13

16

*McCarty v. Astrue,*

17
    505 F. Supp. 2d 624 (N.D. Cal. 2007) ..................................................... 10, 11, 14

18

*Sanchez v. City of Santa Ana,*

19
    936 F.2d 1027 (9th Cir. 1990) ...................................................................... 10, 11

20

*Starns v. Avent,*

21
    96 B.R. 620 (M.D. La. 1989) ............................................................................... 9

22

*Stradley v. Cortez,*
    518 F.2d 488 (3d Cir. 1975) ............................................................................... 12

23

24

*Willie v. Continental Oil Co.,*
    746 F.2d 1041 (5th Cir. 1984) ...................................................................... 13, 14

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ii

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

**STATUTES**

11 U.S.C. § 323(a) ..................................................................................... 10

11 U.S.C. § 362(a)(2) ................................................................................... 8

11 U.S.C. § 541(a)(1) ................................................................................. 10


**OTHER AUTHORITIES**

Fed. R. Civ. P. 59(e) ..................................................................... 1, 13, 14

Fed. R. Civ. P. 60(a) ............................................................................ passim

Fed. R. Civ. P. 60(b) ................................................................................. 13

Fed. R. Civ. P. 60(b)(1) ............................................................................ 14

Fed. R. Civ. P. 60(c)(1) ............................................................................ 14

-iii-

# I.     INTRODUCTION

Ian J. Gazes is the court-appointed chapter 11 trustee for the bankruptcy estate of defendant Sonja Tremont-Morgan. In that role, he is obligated to evaluate thoroughly all claims against the estate, including the claim by Plaintiff Hannibal Pictures, Inc.

Because a chapter 11 trustee stands in the shoes of the bankrupt, the trustee may assert defenses that belong to the estate. After careful evaluation here, Gazes believes that Plaintiff's motion to "correct" the judgment under Rule 60(a) by naming a different plaintiff should be denied for three reasons.[1]

First, the motion should be denied because Rule 60(a) is limited to clerical errors or omissions in a judgment.  It cannot be used to amend a judgment that accurately transcribes a jury's verdict, even if the verdict itself allegedly contains an error. Here, the judgment accurately reflects the jury's verdict, which identifies the plaintiff as "Hannibal Pictures, Inc."

Second, the motion should be denied because Rule 60(a) cannot be used to alter a judgment to conform to a pre-trial order, even if the parties stipulated to that order. Here, such a change must be made by motion under Rules 59(e) or 60(b)(1), and the filing deadline for either motion passed long ago.

Finally, the motion should be denied because its premise is not credible. The judgment did not identify the plaintiff as Hannibal Pictures, Inc. due to a "clerical error." The judgment identifies the plaintiff as Hannibal Pictures, Inc. because that is the entity that signed a contract with Morgan's company, sued Morgan and her company for claims involving that contract, and obtained a jury verdict in its favor on those claims.

---

[1] Contrary to Plaintiff's argument, this is not a case where "Defendant Morgan" is trying to "exploit [a] clerical error."  Gazes is not Morgan. He is a court-appointed chapter 11 trustee, obligated to administer the bankruptcy estate for the benefit of all the estate's creditors and other parties in interest. His opposition to the motion is consistent with that obligation. And, as explained herein, this was not a "clerical error."

The record rebuts Plaintiff's argument that this was a mere "clerical error." It reflects that Richard Rionda del Castro ("Rionda"), the principal of the Hannibal entities, knew all along that "Hannibal Pictures, Inc." did not exist at the time, yet he continued to contract and litigate in its name:

- In 2006, "Hannibal Pictures, Inc." signed a contract with Morgan's company and then sued Defendants for breach of that contract and related claims. Rionda signed the contract for "Hannibal Pictures, Inc."

- In 2007, in a separate lawsuit accusing him of using different Hannibal entities, "such as Hannibal Pictures, Inc.," to hide his business dealings, Rionda admitted in a declaration that "Hannibal Pictures, Inc." *did not exist* and that "all business is conducted solely through Hannibal, Inc. and its formal dba Hannibal Pictures."

- Despite Rionda's admission, Hannibal Pictures, Inc. did not notify this Court or the Defendants that it did not exist. Instead, over the next two years, it continued to litigate this action and identify itself as the plaintiff.

- In June 2009, "Hannibal Pictures, Inc." submitted jury instructions and verdict forms that identify it as the plaintiff. Consistent with those forms, the jury verdict was for "Hannibal Pictures, Inc.," and the Court entered judgment "in favor of Hannibal Pictures, Inc."

- In December 2009, one month after a third party filed a lawsuit alleging Rionda intentionally "confused and blurred" the existence of "Hannibal Pictures Inc." and other Hannibal entities, Rionda and his trial counsel formally incorporated "Hannibal Pictures, Inc." in California.

- In 2010, Hannibal Pictures, Inc. filed papers in this Court, the Ninth Circuit, and New York state court related to the judgment. The papers all continue to identify "Hannibal Pictures, Inc." as the Plaintiff in this case, and none of them mentions the company's recent incorporation.

- From 2011 through mid-2013, after Morgan filed a voluntary bankruptcy petition, "Hannibal Pictures, Inc." filed papers with the bankruptcy court and this Court, including a proof of claim and a notice of assignment of judgment, that continue to identify it as the plaintiff and judgment creditor. None of its papers mention its post-judgment incorporation.

- Not until June 2013, after Morgan discovered that Hannibal Pictures, Inc. did not exist when the judgment was entered, and objected to its proof of claim on that basis, did a different entity, Hannibal, Inc., claim that it was the proper plaintiff and judgment creditor.

On this record, the claim that the judgment merely contained a typographical error is not credible. The motion should be denied.

## II.   BACKGROUND

### A.   "Hannibal Pictures, Inc." contracts with Morgan's company and sues her in 2006, even though that entity did not exist at the time.

This dispute arises from a written contract, as amended, dated January 9, 2006, between Plaintiff Hannibal Pictures Inc. and Defendant Sonja Productions, LLC. (Brennan Decl. Ex. A.)

Richard Rionda del Castro ("Rionda"), the principal of the various Hannibal entities, signed the contract and the amendment for Plaintiff Hannibal Pictures, Inc. (Brennan Decl., Ex. A.) Defendant Sonja Tremont-Morgan ("Morgan") signed the contract and amendment for Defendant Sonja Productions, LLC. (*Ibid*.) Contrary to Plaintiff's argument (Mot. p. 3; Hamrick Decl. ¶ 4), "Hannibal, Inc." was <u>not</u> a party to the contract; Rionda signed the contract and the amendment for "Hannibal Pictures Inc." (Brennan Decl., Ex. A at pp. HP00102, HP00104.)

In February 2006, "Hannibal Pictures, Inc." filed this action against Sonja Productions, LLC and Morgan in state court. The complaint alleged that "Plaintiff Hannibal Pictures Inc. is a corporation organized and existing under the laws of the State of California." (Brennan Decl., Ex. B at ¶ 5.) The first amended

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084607v8/102915-0001

1    complaint repeats this allegation. (Brennan Decl., Ex. C at ¶ 6.) Defendants

2    subsequently removed the action to this Court.

3          Contrary to its allegations that Hannibal Pictures, Inc. was a valid California

4    corporation, Rionda admitted in an unrelated case in 2007 that Hannibal Pictures,

5    Inc. did not exist. In that case, Levens Entertainment ("Levens") sued Rionda for

6    breach of a movie distribution contract. Levens alleged that Rionda contracted in

7    the name "Hannibal Pictures," but used other entities, "such as Hannibal Pictures

8    Inc.," to hide payments he received from foreign distributors. (Brennan Decl., Ex.

9    D at ¶¶ 1-21.) By using different entity names, Rionda was able to underreport the

10   amounts he owed Levens under their contract.  (*Ibid.*)

11         In a sworn declaration in that case, Rionda admitted that Hannibal Pictures,

12   Inc. did not exist. He stated: "Hannibal, Inc. ... is the only entity through which I

13   conduct business… On various occasions, Hannibal, Inc. and its employees have

14   mistakenly identified Hannibal, Inc. in some documents as **Hannibal Pictures,**

15   **Inc. However, no such entity has ever existed**, and all business is conducted

16   solely through Hannibal, Inc. and its formal dba Hannibal Pictures." (Brennan

17   Decl., Ex. E at p. 10, ¶ 2 [emphasis added].) Rionda admitted that several

18   documents contain references to "Hannibal Pictures, Inc." but dismissed them as

19   "scriveners errors."  (*Id*. at p. 5.)

20         **B.     Despite Rionda's 2007 admission that it did not exist, "Hannibal**

21                **Pictures, Inc." continues to prosecute this action for two years.**

22         Despite Rionda's admission, Hannibal Pictures, Inc. and its counsel did not

23   disclose the fact that it did not exist to this Court or Defendants. Instead, Hannibal

24   Pictures, Inc. and its counsel continued to prosecute this action in its name for the

25   next two years. Nothing changed. Plaintiff's counsel continued to sign every paper

26   on behalf of "Hannibal Pictures, Inc.," such as its expert disclosures filed February

27   25, 2008 (CM/ECF Docket Entry ("Dkt.") 100), and its request to set a trial date

28   filed March 11, 2009 (Dkt. 103).

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

-4-

In May 2009, the Court issued a stipulated pretrial order. The order did not, as Plaintiff contends, "dismiss" Hannibal Pictures, Inc. as the plaintiff. Rather, the introduction of the stipulation merely identifies "Hannibal, Inc." as the plaintiff. If anything was a scrivener's error, it likely was this. The stipulation does not explain the name change, say that Hannibal Pictures, Inc. did not exist, or dismiss Hannibal Pictures, Inc. from the case. In fact, Plaintiff's counsel signed the stipulation on behalf of "Plaintiff Hannibal Pictures, Inc." and continued to sign and submit all future papers on behalf of "Plaintiff Hannibal Pictures, Inc.," such as its trial brief (Dkt. 138) and joint statement of the case (Dkt. 143).

C. **Even after the 2009 Pretrial Order, "Hannibal Pictures, Inc." calls itself the Plaintiff in the jury instructions and verdict form.**

In June 2009, "Plaintiff Hannibal Pictures, Inc." filed amended joint jury instructions. (Dkt. 160.) The instructions contain a list of "Parties Involved," which identifies "Hannibal Pictures, Inc." as "plaintiff." (*Id.* at p. 1.) Hannibal, Inc. is not on the list. The instructions contain a list of "Claims and Defenses," which names "Hannibal Pictures, Inc." as the party asserting the claims against Defendants. (*Id.* at pp. 1-2.) The instructions also have a "summary of the positions of the parties," which refers to "Hannibal Pictures, Inc." and does not mention Hannibal, Inc. (*Id.* at p. 4.) These instructions are identical in all material respects to the instructions given to the jury, docketed June 19, 2009. (Dkt. 171.)

Also in June 2009, "Plaintiff Hannibal Pictures, Inc." submitted joint verdict forms. (Dkt. 161). The forms begin with this stipulation: "It has been stipulated by the parties, **HANNIBAL PICTURES, INC.** and SONJA PRODUCTIONS, LLC, that both entered into a contract." (*Id.* at p. 1 [emphasis added].) All of the jury questions refer to "Hannibal Pictures, Inc." They do not mention Hannibal, Inc. (Dkt. 161.)

**D.    The jury renders a verdict for "Hannibal Pictures, Inc.," and the Court enters judgment in favor of "Hannibal Pictures, Inc."**

The jury ultimately returned a verdict in favor of "Hannibal Pictures, Inc." The court clerk read the completed verdict form into the record on June 19, 2009. The jury's verdict included the following findings:

- "[I]t has been stipulated by the parties **Hannibal Pictures, Inc.** and Sonja Productions, LLC, that both entered into a contract."

- "[D]id **Hannibal Pictures, Inc.** do all or substantially all the significant things that the contract required it to do?  Yes."

- "[W]as **Hannibal Pictures, Inc.** harmed by that failure?  Yes."

- "[W]hat are **Hannibal Pictures, Inc.'s** damages?  (a) past economic loss, including $412,094; (b) future economic loss, including $6,404,200."

- "[W]as **Hannibal Picture Inc.** reliance on Sonja Tremont Morgan's representation and/or failure to disclose a substantial factor in causing harm to **Hannibal Pictures, Inc.**?  Yes.  If your answer to question five is yes then answer Question 6."

- "[W]hat are **Hannibal Pictures, Inc.'s** damages?  (a) past economic loss, including $412,094; (b) future economic loss, including $6,404,200."

(Brennan Decl. Ex. F at pp. 30-39 [emphasis added].) The jury verdict does not mention "Hannibal, Inc." (*Id.*)

On September 1, 2009, consistent with the jury verdict, the Court entered judgment "in favor of **Hannibal Pictures, Inc.** and against Sonja Productions, LLC… and Defendant Sonja Tremont-Morgan… in the amount of $6,816,294.00." (Dkt. 194 [emphasis added].) The record does not reveal any clerical mistake in the preparation of that judgment.

E.    **"Hannibal Pictures, Inc." incorporates in late 2009 after the Court enters judgment in its favor.**

On or about December 29, 2009, Hannibal Pictures, Inc. filed articles of incorporation with the California Secretary of State that identify Rionda as its CEO and Plaintiff's trial counsel as its agent for service of process. (Brennan Decl., Ex. H.) Hannibal Pictures, Inc. and its counsel did not notify this Court or Defendants of its incorporation.

The incorporation followed on the heels of another unrelated lawsuit, filed in November 2009, challenging the existence of Hannibal Pictures Inc. In that case, Steelbridge Finance, LLC ("Steelbridge"), sued Hannibal Pictures Inc. and others for breach of contract. The complaint alleged that although Hannibal Pictures, Inc. represents itself as a California corporation, there is no California corporation with that name. (Brennan Decl., Ex. G. at ¶ 3.) It also alleged that Rionda intentionally "confused and blurred" the existence of Hannibal Pictures Inc. by using the name "Hannibal Pictures" while representing the separate existence of Hannibal, Inc. (*Id.* at ¶ 5.)

F.    **In 2010, three months after incorporation, "Hannibal Pictures, Inc." files a verified petition stating it was incorporated in 2006.**

In March 2010, "Hannibal Pictures, Inc." filed a verified petition in New York state court in an attempt to enforce the judgment against Morgan and her company. (Brennan Decl., Ex. I.) It identifies the petitioner as "Hannibal Pictures, Inc." and uses the shorthand reference "Hannibal." (*Id.* at p. 1.)

The petition, verified by Rionda (Brennan Decl., Ex. I at p. 18), does not disclose that Hannibal Pictures, Inc. was incorporated just three months earlier. Rather, the opening paragraph states: "**at all relevant times hereinafter mentioned, Hannibal was and still is a corporation duly incorporated under the laws of the State of California**." (*Id.* at ¶ 1 [emphasis added].) It then states that this action was filed in this Court "[o]n or about March 27, 2006." (*Id.* at ¶ 14.)

-7-

1    Thus, the verified petition falsely conveys that Hannibal Pictures, Inc. has been

2    incorporated at least since March 2006, even though it was not incorporated until

3    December 2009.

4        **G.    "Hannibal Pictures, Inc." continues to identify itself as Plaintiff**

5            **and judgment creditor for several years.**

6        Over the next several years, Hannibal Pictures, Inc. continued to file papers

7    in various courts identifying "Hannibal Pictures, Inc." as the plaintiff and judgment

8    creditor in this action.

9        For example, in January 2010, "Plaintiff Hannibal Pictures, Inc.," calling

10   itself the "judgment creditor," filed a motion in this Court for an assignment order.

11   (Dkt. 231.) In October 2010, "Plaintiff and Appellee Hannibal Pictures, Inc." filed

12   in the Ninth Circuit an answering brief in which it identified itself as the entity that

13   contracted with Defendants and as the judgment creditor. (Brennan Decl., Ex. J at

14   pp. 2-4, 8.) In February 2013, more than three years after the judgment, "Plaintiff

15   and Judgment Creditor Hannibal Pictures, Inc." gave notice that it had assigned the

16   judgment to a third party. (Dkt. 263.) Rionda signed that assignment for "Hannibal

17   Pictures, Inc." (*Id.*) None of these papers discloses the fact that "Hannibal Pictures,

18   Inc." did not exist at the time of judgment, or that it was incorporated shortly after

19   judgment was entered.

20       **H.    After Morgan files bankruptcy, "Hannibal Pictures, Inc." files a**

21           **proof of claim based on the judgment.**

22       In November 2010, Morgan filed a voluntary petition in the U.S. Bankruptcy

23   Court for the Southern District of New York for relief under chapter 11 of title 11

24   of the United States Code, which stayed enforcement of the judgment against her.

25   *See* 11 U.S.C. § 362(a)(2). (Gazes Decl., ¶ 3.)

26       In January 2011, "Hannibal Pictures, Inc." appeared in the bankruptcy case

27   (through New York counsel and trial counsel in this action) by filing a motion for

28   appointment of a Chapter 11 Trustee to manage Morgan's affairs.  (Brennan Decl.,

Ex. K.) And in September 2011, "Hannibal Pictures, Inc." filed a proof of claim in the bankruptcy case premised on the judgment. (Brennan Decl., Ex. L.) None of these papers discloses the fact that "Hannibal Pictures, Inc." did not exist at the time of judgment, or that it was incorporated after judgment was entered.

In May 2013, Gazes was appointed as chapter 11 trustee of Morgan's estate. (Gazes Decl., ¶ 4; Brennan Decl., Ex N.)

I.    **In June 2013, after Morgan learns that Hannibal Pictures, Inc. did not exist at the time of judgment, another entity, "Hannibal, Inc." contends it was the proper plaintiff all along.**

In May 2013, Morgan filed an objection to Hannibal Pictures, Inc.'s proof of claim. Morgan argued that the judgment is void because Hannibal Pictures, Inc. did not exist at the time of judgment. (Brennan Decl. Ex. M)

In June 2013, "Hannibal, Inc." (not Hannibal Pictures, Inc.) filed a response to Morgan's objection. Even though "Hannibal Pictures, Inc." signed the contract with Morgan's company, sued Morgan and her company for claims involving that contract, and obtained a jury verdict and judgment in its favor on those claims, the response argued that "Hannibal, Inc." was the real plaintiff and judgment creditor in that lawsuit. (Brennan Decl. Ex. O.)

In July 2013, pursuant to a stipulation of the parties, the bankruptcy court entered an order that lifted the bankruptcy stay for the sole purpose of permitting Plaintiff to file a motion asking this Court to modify the judgment under Rule 60(a). The order also withdrew Morgan's claim objection "without prejudice to the Trustee's right to (a) object to the Hannibal Claim at a future date and (b) oppose any motion brought by Hannibal in the California Court."  (Gazes Decl. Ex. A.)

**III.    RULE 60(A) STANDARD**

Federal Rule of Civil Procedure 60(a) authorizes a district court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment." This scope is "very limited." *Starns v. Avent*, 96 B.R. 620,

629 (M.D. La. 1989) (denying motion to correct judgment). "In deciding whether a district court may alter a judgment pursuant to Rule 60(a), [the] focus is on what the court originally intended to do." *McCarty v. Astrue*, 505 F. Supp. 2d 624, 627 (N.D. Cal. 2007) (denying motion to correct judgment) (quoting *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)).

"This limits the use of Rule 60(a) to correct errors in oversight and omission, which are 'blunders in execution.'" *McCarty*, 505 F. Supp. 2d at 627-28 (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1576 n.2 (9th Cir. 1987)). Thus, "Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another." *Dura-Wood Treating Co. v. Century Forest Indus.*, 694 F.2d 112, 114 (5th Cir. 1982). "Such a mistake must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *Id.*

Factual errors are not correctable under Rule 60(a), *see Blanton*, 813 F.2d at 1576 n.2, and Rule 60(a) cannot be used to alter the "intended legal effect of the judgment," *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012). Rather, a correction under Rule 60(a) must be "in accordance with the contemporaneous intent of the court *as well as the understanding of the parties*." *Garamendi*, 683 F.3d at 1079 (citation omitted) (emphasis added). The intention of the court, and the parties, is determined from an examination of the record. *Id.* at 1080.

## IV.   ARGUMENT

As chapter 11 trustee for Morgan's bankruptcy estate, Gazes has standing to oppose Plaintiff's motion and assert defenses on the debtor's behalf. *See* 11 U.S.C. §§ 323(a), 541(a)(1); *In re Cabrini Med. Ctr.*, 489 B.R. 7, 15-16 (S.D.N.Y. 2012); *Marine Midland Bank v. Breeden (In re Bennett Funding Group, Inc.)*, 255 B.R. 616, 630 n.11 (N.D.N.Y. 2000). Exercising that authority here, Gazes believes that the motion should be denied because the requested relief exceeds the narrow scope of Rule 60(a) and is not supported by the record.

1
2

### A.   Rule 60(a) does not apply because the judgment accurately recorded the jury verdict.

3
4
5
6
7
8
9
10
11
12

Rule 60(a) permits the correction only of clerical mistakes that result from "blunders in execution." *McCarty v. Astrue*, 505 F. Supp. 2d 624, 627 (N.D. Cal. 2007) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1576 n.2 (9th Cir. 1987)). "In deciding whether the district court may alter a judgment pursuant to Rule 60(a), [the] focus is on what the court originally intended to do." *Ibid.* (quoting *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990)). The court also should look to the "*contemporaneous … understanding of the parties*." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) (emphasis added). The court's intent, and the intention of the parties, is determined by an examination of the record. *Id.* at 1080.

13
14
15
16
17
18
19

Here, Rule 60(a) does not apply because the judgment's identification of the plaintiff as "Hannibal Pictures, Inc." was consistent with the intention of the Court and the parties. Before the trial, the parties submitted joint verdict forms that identify the plaintiff and contracting party as "Hannibal Pictures, Inc." (Dkt. 161.) The forms make no mention of Hannibal, Inc. After the trial, the jury returned a verdict in favor of "Hannibal Pictures, Inc." The completed verdict form repeatedly names "Hannibal Pictures, Inc." and makes no mention of Hannibal, Inc.:

20
21

- "[I]t has been stipulated by the parties **Hannibal Pictures, Inc.** and Sonja Productions, LLC, that both entered into a contract."

22
23

- "[D]id **Hannibal Pictures, Inc.** do all or substantially all the significant things that the contract required it to do?  Yes."

24

- "[W]as **Hannibal Pictures, Inc.** harmed by that failure?  Yes."

25
26

- "[W]hat are **Hannibal Pictures, Inc.'s** damages?  (a) past economic loss, including $412,094; (b) future economic loss, including $6,404,200."

27
28

- "[W]as **Hannibal Picture Inc.** reliance on Sonja Tremont Morgan's representation and/or failure to disclose a substantial factor in causing

STRADLING YOCCA CARLSON & RAUTH LAWYERS NEWPORT BEACH

LITIOC/2084607v8/102915-0001

harm to **Hannibal Pictures, Inc.**?  Yes.  If your answer to question five is yes then answer Question 6."

- "[W]hat are **Hannibal Pictures, Inc.'s** damages?  (a) past economic loss, including $412,094; (b) future economic loss, including $6,404,200."

(Brennan Decl., Ex. F at pp. 30-39 [emphasis added].)  The Court then accurately transcribed the jury verdict and entered judgment "in favor of **Hannibal Pictures, Inc.**" (Dkt. 194 [emphasis added].)  There was no "error of recitation" necessary to invoke Rule 60(a).

The Third Circuit has reached the same conclusion, holding that Rule 60(a) may not be used to correct a judgment that accurately transcribes the jury verdict, even if the verdict itself is alleged to be in error. *See Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975). In *Stradley*, the plaintiff sued two defendants for injuries sustained in an automobile accident. The jury found "in favor of the plaintiff," but the jury verdict identified only one of the two defendants. Consistent with the jury verdict, the district court entered judgment in favor of plaintiff and against the sole defendant identified in that verdict. Four years later, the plaintiff moved the district court to enter judgment against both defendants. The district court "refused to treat the alleged mistake in the recording of the verdict as a clerical error" under Rule 60(a) and denied the motion. *Id*. at 490. The Third Circuit affirmed, holding that "Rule 60(a) is not applicable to plaintiff's situation because the 'mistake' here, if there was a mistake, was not clerical in nature." *Id*. at 493.

Here, as in *Stradley*, the alleged "mistake" complained of is not clerical in nature.  The district court accurately transcribed the plaintiff's name from the jury verdict to the judgment. Thus, the judgment is not correctable under Rule 60(a). The motion should be denied.

1

2

**B.     Rule 60(a) does not permit the Court to alter a judgment to conform to a pretrial order.**

3

4

5

6

7

Plaintiff mistakenly argues that the judgment should be altered to conform to the stipulated pretrial order, which says that the plaintiff is "Hannibal, Inc. dba Hannibal Pictures." But this argument ignores the fact that "Hannibal Pictures, Inc." consistently identified itself as "Plaintiff" after the order, including in the jury instructions and the verdict forms. (Dkt. 161, 171.)[2]

8

9

10

11

12

13

14

15

16

17

18

Further, the Fifth Circuit has held that Rule 60(a) may not be used to conform a judgment to a pretrial stipulation. *See Willie v. Continental Oil Co.*, 746 F.2d 1041, 1045 (5th Cir. 1984), *rev'd in part on other grounds* 784 F.2d 706 (5th Cir. 1986) (en banc).[3]  In *Willie*, a cross-defendant argued that the judgment was not consistent with a pretrial stipulation among the parties regarding contribution, and he filed a motion to amend the judgment to conform to that stipulation. The court held that the motion "cannot be maintained pursuant to Rule 60(a), since that rule permits only the correction of errors which are created by mistake, oversight or omission, and are clerical in nature."  *Id.* at 1045 (citation omitted). As the court explained, to amend a judgment "to reflect the stipulation of the parties involves the substantive legal rights of the parties, and is more than a clerical mistake." *Id.*

19

20

21

Here, as in *Willie*, to change the judgment to conform to an alleged pretrial stipulation involves more than a "clerical mistake" – it involves substantive legal rights of the parties, and thus cannot be made under Rule 60(a). With those types

22

23

24

25

26

[2] Plaintiff also misplaces its reliance on *Fluoro Electric Corporation v. Branford Associates*, 489 F.2d 320 (2d. Cir. 1973), for the proposition that Rule 60(a) allows the court to change the plaintiff's identity in the judgment. In *Fluoro*, the plaintiff filed a motion to correct the defendant's name from "Branford Associates, a corporation" to just "Branford Associates." The court allowed the correction, noting that it was the same entity at all times. Unlike *Fluoro*, however, Plaintiff seeks to amend the judgment to substitute, as plaintiff, a new and different company that had never before appeared or participated in this action.

27

28

[3] The panel decision was taken *en banc* to address its holding under Rule 60(b)(1). The panel's holding with respect to Rule 60(a) was not disturbed and continues to be followed in other circuits.  *See, e.g., Maxus Energy Corp. v. United States*, 31 F.3d 1135, 1140-41 (Fed. Cir. 1994).

1   of material amendments, a plaintiff must seek relief under Rules 59(e) or 60(b)(1).

2   *See Willie*, 746 F.2d at 1044-45; *McCarty*, 505 F. Supp. 2d at 627-28. But, as

3   Plaintiff knows, the deadline for doing so here has long since passed. *See* Fed. R.

4   Civ. P. 59(e) (motion "must be filed no later than 28 days after the entry of

5   judgment"); Fed. R. Civ. P. 60(c)(1) (motion under Rule 60(b)(1) must be filed "no

6   more than a year after the entry of the judgment"). The motion should be denied.

7         **C.**    **Plaintiff's new position, that Hannibal, Inc. is the plaintiff, is**

8                    **inconsistent with Rionda's sworn admissions and Plaintiff's**

9                    **actions before and after entry of judgment.**

10        The record belies Plaintiff's contention that it was a clerical mistake for the

11   Court to identify the plaintiff in the judgment as Hannibal Pictures Inc. The

12   judgment identifies the plaintiff as "Hannibal Pictures Inc." because that is the

13   entity that signed a contract with Morgan's company, sued Morgan and her

14   company for claims involving that contract, and obtained a jury verdict in its favor

15   on those claims. The proposed new plaintiff, Hannibal, Inc., is an entirely different

16   corporate entity.

17        Plaintiff's latest narrative is contradicted by its 2010 petition, verified by

18   Rionda, stating that Hannibal Pictures, Inc. was the plaintiff and judgment creditor

19   and that Hannibal Pictures, Inc. "[a]t all relevant times . . . was and still is a

20   corporation duly incorporated under the laws of the State of California," even

21   though Hannibal Pictures, Inc. had in fact been incorporated only a few months

22   prior.  (Brennan Decl. Exs. H & I.) That petition contradicts Rionda's current

23   declaration that "[a]t all times relevant to the incidents alleged in the Complaint,

24   the proper Plaintiff was 'Hannibal Inc., dba Hannibal Pictures.'" (Rionda Decl. ¶

25   5.) This contradiction undermines not only the motion itself, but Rionda's claim

26   that he told his counsel to incorporate Hannibal Pictures, Inc. in December 2009 to

27   "avoid confusion."  (*Id*. ¶ 6.) It also suggests that Rionda has embraced confusion

28   between his different Hannibal entities when it suits him.

1      Six years ago, in 2007, after this action had been pending for several

2  months, Rionda swore under oath in an unrelated lawsuit against other parties that

3  "Hannibal, Inc. . . . is the only entity through which I conduct business . . . On

4  various occasions, Hannibal, Inc. and its employees have mistakenly identified

5  Hannibal, Inc. in some documents as Hannibal Pictures, Inc.  However, no such

6  entity has ever existed, and all business is conducted solely through Hannibal, Inc.

7  and its formal dba Hannibal Pictures."  (Brennan Decl. Ex. E at p. 10, ¶ 2.)

8  Despite this plea of "mistake," however, Rionda never informed this Court or the

9  parties to this action that Hannibal Pictures, Inc. did not exist and took no steps to

10  correct the "mistake."

11      After pleading "mistake" under oath in 2007 in an unrelated action, then

12  swearing in 2010 that Hannibal Pictures, Inc. was the (duly constituted) judgment

13  creditor in this action, Rionda is back to pleading mistake in support of this motion

14  in order to substitute the name of a different entity into the Judgment. Rionda's

15  own prior statements are sufficient to undermine the motion's foundational

16  narrative, but even they do not tell the whole story.  Among other things:

17      • Plaintiff Hannibal Pictures, Inc. supplied the jury instructions and
18        verdict form identifying Hannibal Pictures, Inc. as the plaintiff;

19      • Instead of objecting to the contents of the verdict or the Judgment,
20        Plaintiff Hannibal Pictures, Inc. assigned a portion of the judgment to
21        a third party; and

22      • Plaintiff Hannibal Pictures, Inc. defended the verdict and the
23        Judgment on appeal.

24  (Dkt. 160, 161, 263; Brennan Decl. Ex. J.)

25      Based on Plaintiff's own conduct, it is plain that the judgment already

26  reflects Plaintiff's true contemporaneous intent, and does not contain any error

27  correctable under Rule 60(a). The motion should be denied.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2084607v8/102915-0001

1

## V.      CONCLUSION

2      Gazes respectfully requests that the Court deny the motion in its entirety.

3

4   Dated:  November 18, 2013          STRADLING YOCCA CARLSON & RAUTH
                                       A Professional Corporation
5

6                                      By: /s/Travis P. Brennan
7
                                          Travis P. Brennan
8                                      Attorneys for IAN J. GAZES, Chapter 11 Trustee
                                       for the Bankruptcy Estate of Defendant Sonja
9                                      Tremont-Morgan

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28