A. Raymond Hamrick III (State Bar 93821)
aray@hamricklaw.com
Martin J. Barab (State Bar 47419)
mbarab@hamricklaw.com
HAMRICK & EVANS, LLP
111 Universal Hollywood Drive, Suite 2200
Universal City, California 91608
Telephone:  (818) 763-5292
Facsimile:   (818) 763-2308

Attorneys for Plaintiff,
Hannibal, Inc. dba Hannibal Pictures
(Erroneously referred to as "HANNIBAL PICTURES, INC.")

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HANNIBAL PICTURES, INC., a California Corporation,<br><br>Plaintiff,<br>v.<br><br>SONJA PRODUCTIONS, LLC, a Delaware limited liability company; SONJA TREMONT-MORGAN an individual; JOHN ADAMS MORGAN, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>———————————————<br><br>AND RELATED CROSS-ACTIONS. | CASE NO. CV06-1814 WDK (VBKx)<br><br>(Case assigned to Hon. William D. Keller)<br><br>**HANNIBAL'S REPLY TO OPPOSITION TO MOTION TO CORRECT A CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:     December 9, 2013<br>Time:               10:00 a.m.<br>Location:          Court Room 1600<br><br>*[Filed concurrently with Plaintiff's Request for Judicial Notice No. 2 in Support of Plaintiff's Reply to Opposition to Motion to Correct Clerical Error in Party Identification in Judgment and Evidentiary Objections]* |

Plaintiff Hannibal, Inc. dba Hannibal Pictures (erroneously referred to as "Hannibal Pictures, Inc.",  and hereinafter referred to for convenience as "Plaintiff" or "Hannibal") hereby submits its Reply to the Opposition of Ian J. Gazes (hereinafter "Reply").

## **TABLE OF CONTENTS**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT.............................1

II.     GAZES LACKS FACTUAL OR LEGAL SUPPORT FOR HIS ARGUMENT
        THAT HANNIBAL'S MOTION DOES NOT FALL WITHIN THE
        PARAMETERS OF RULE 60(a)....................................................................7

III.    CONCLUSION.............................................................................................19

HAMRICK & EVANS, LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Brady, D.C.,*
  6 F.R.D. 587 (E.D. K.y. 1947)...........................................................19

*Blanton v. Anzalone,*
  813 F.2d 1574 (9th Cir. 1987) ....................................................1, 6, 8

*Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus.,* Inc.,
  694 F.2d 112, 114 (5th Cir. 1982) ..........................................................9

*Erff v. MarkHon Indus., Inc.,*
  781 F.2d 613, 617 (7th Cir. 1986) ..........................................................1

*Fluoro Elec. Corp. v. Branford Assocs.,*
  489 F.2d 320 (2d Cir. 1973) ...................................................................17

*Garamendi v. Henin,*
  683 F.3d 1069, 1077 (9th Cir. 2012) ................................................8, 15

*Hodge v. Hodge,*
  269 F.3d 155, 156-58 (2d Cir. 2000) .....................................................18

*Koch v. Koch Indus., Inc.,*
  203 F.3d 1202, 1212 (10th Cir. 2000) .....................................................9

*Lynnwood Equip., Inc.,*
  841 F.2d 918 (9th Cir. 1988) ...................................................................1

*Nw. Acceptance Corp. v. Lynnwood Equip., Inc.,*
  841 F.2d 918, 924 (9th Cir. 1988) ......................................................1, 9

*PacifiCorp Capital, Inc. v. Hansen Properties,*
  161 F.R.D. 285, 287 (S.D.N.Y. 1995) ...................................................18

*Robi v. Five Platters, Inc.,*
  918 F.2d 1439, 1445 (9th Cir. 1990) ..............................................1, 7, 8

*Rockwell Int'l Corp. v. United States,*
  549 U.S. 457 (2007) ...................................................................................1

*Starns v. Avent,*
  96 B.R. 620, 629 (M.D. La. 1989)............................................................7

*Stradley v. Cortez,*
  518 F.2d 488 (3d Cir. 1975) ...................................................................16

*Trahan v. First National Bank of Ruston,*
  720 F.2d 832 (5th Cir.1983)......................................................................6

*United States v. First Nat'l Bank of Circle,*
  652 F.2d 882, 886 (9th Cir. 1981) ..............................................3, 11, 13

ii

*Willie v. Cont'l Oil Co.,*
  746 F.2d 1041 (5th Cir. 1984) .................................................................8

*Works v. Byrne,*
  191 F.2d 667, 676 (9th Cir. 1951) ........................................................8

**Statutes**

*Fed. R. Civ. P.* 16(d) ...............................................................................9

*Fed. R. Civ. P.*  60(a) ....................................................................... passim

11 U.S.C. § 726(a)(6)............................................................................20

**Other Authorities**

Moore's Federal Practice § 60.11[1][c] (2011) .........................................8

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT
CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Concentrated on *innuendo*, the Opposition to the Motion to Correct a Clerical Error in Party Identification in Judgment (hereinafter "Gazes's Opposition") apparently purposely overlooks four critical and undisputable facts that render his Opposition groundless and frivolous:

(1)   The purpose of a Rule 60(a) motion is to correct a clerical error in order "to make a judgment reflect the actual intentions of the court, plus the necessary implications." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990);

(2)   A Pre-Trial Order "supersede[s] all previous pleadings" and "control[s] the subsequent course of the action." *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) (citations omitted); *Accord, Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924 (9th Cir. 1988); *Erff v. MarkHon Indus., Inc.,* 781 F.2d 613, 617 (7th Cir. 1986);

(3)   By virtue of the Pre-Trial Order, *Hannibal, Inc. dba Hannibal Pictures* was the Plaintiff and the *only* Plaintiff in the case; and

(4)   There was no entity named "Hannibal Pictures, Inc." in existence prior to the entry of Judgment.

Applying these undisputable facts to Gazes's arguments and innuendo, the lack of merit in (and the frivolous nature of) Gazes's Opposition is fully exposed. For example, Gazes's Opposition ignores the central question regarding a Rule 60(a) Motion:  What was the Court's intention?  In this Action, was it the Court's (or even the jury's) actual intention to enter judgment *in favor of an entity that did not exist and therefore could not be the real party in interest* (i.e., Hannibal Pictures, Inc.)? The answer is necessarily and unequivocally "no." Any other answer is nonsensical,

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

illogical and unsupported by the record.

If the Court and the Jury did not intend to enter Judgment in favor of a non-entity, then who was the real party in interest to whom the jury intended to award Judgment?  The answer is necessarily *Hannibal Inc. dba Hannibal Pictur*es since Hannibal Pictures, Inc. did not exist prior to the entry of Judgment.  This conclusion regarding the court's intent (and the jury's intent) not only follows from common sense, it necessarily follows from the fact that:

(a)    The Pre-Trial Order *deemed* **"*Hannibal, Inc. dba Hannibal Pictures*"** the Plaintiff *as a matter of law*; and

(b)    Defendant Sonja Tremont-Morgan ("Morgan") *admitted* that the contract that Defendants breached was between *Hannibal, Inc. dba Hannibal Picture* and Defendant Sonja Productions, LLC (Defendant Morgan's company).

In light of these facts, the arguments and innuendo in Gazes's Opposition wilt and die.  For example, Gazes points to the signature block in the subject contract[1] which erroneously references the then non-existent entity, "Hannibal Pictures, Inc." However, Gazes's argument is irrelevant because the Pre-Trial Order specifically includes the "Admitted Fact" that Sonja Tremont-Morgan  ("Morgan") (on behalf of Sonja Productions, LLC) signed the subcontract ("deal memorandum") and the amendment thereto with *Hannibal, Inc. dba Hannibal Pictures*.  In this regard, the Pre-Trial Order specifically includes the following "Admitted Facts" which were read to the jury:

---

[1] It should be noted that: (1) the subject contract states that it is between Plaintiff Hannibal, Inc.'s fictitious business name, "Hannibal Pictures," and Sonja Productions, LLC (*See* Brennan Decl., Exh. A at pp. HP00098, HP00104); and (2) with the exception of the signature block, *each and every term in the subject contract* references Plaintiff Hannibal, Inc.'s fictitious business name, "Hannibal Pictures," which is defined  therein as "HP".  (*See* Brennan Decl., Exh. A). There are no terms in the body of the document that reference "Hannibal Pictures, Inc." *Id.*

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT
CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT

1   |   9.  On or about January 9, 2006, Sonja Tremont-Morgan
2   |   signed a deal memorandum on behalf of Sonja
3   |   Productions, LLC with *Hannibal, Inc. dba Hannibal*
4   |   *Pictures*, with respect to "Fast Flash to Bang Time."
5   |   11.  On January 25, 2006, Sonja Productions, LLC signed
6   |   an amendment to the deal memorandum with *Hannibal,*
7   |   *Inc. dba Hannibal Pictures* with respect to "Fast Flash to
8   |   Bang Time."

(RFJN[2], Exh. "D" [Document 128 - Pre-Trial Order at pp. 2:27-4:14, Item Nos. 9 and 11 (emphasis added); RFJN, Exh. "E" [Trial Transcript - Day 8, at pp. 173:18-175:13].  Since these "Admitted Facts" were *included in the Court's Pre-Trial Order and read to the jury, Hannibal, Inc. dba Hannibal Pictures clearly was the contracting party as a matter of law. See United States v. First Nat'l Bank of Circle* 652 F.2d 882, 886 (9th Cir. 1981) ("a party need offer no proof at trial as to matters agreed to in the [pretrial]order, nor may a party offer evidence … which contradict its terms").  *Indeed, after reading the  "Admitted Facts" to the jury, including the fact that "Hannibal, Inc. dba Hannibal Pictures" was the contracting party, the Court instructed the jury that they: "should [ ] treat these facts as having been proven*."  (RFJN, Exh. "E" [Trial Transcript - Day 8, at pp. 173:18-175:13, specifically at p. 175:12-13]) (emphasis added).  Defendant Morgan failed to object to this critical jury instruction which establishes that *Hannibal, Inc. dba Hannibal Pictures* was the Plaintiff and real party in interest in this Action *as a matter of law*. Clearly, Defendant Morgan had the opportunity to raise any purported objection based on the erroneous designation in the signature block of the contract as a defense, but instead acknowledged the true "real party in interest" was *Hannibal, Inc.*

---

[2] Unless otherwise stated, all cites to "RFJN" are in reference to Hannibal's Request for Judicial Notice filed concurrently with its Motion (Document 270 and its attachments).

HAMRICK & EVANS, LLP

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT**
**CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**

HAMRICK & EVANS, LLP

1  *dba Hannibal Pictures* in the facts deemed "admitted" and read to the jury. (*Id.*)

2  Consequently, Gazes's reference to the erroneous designation in the signature block

3  of the contract is irrelevant and without merit.

4  Gazes's reference to the error in the jury verdict form is equally and

5  comparably immaterial.  While it is true that the jury verdict form mistakenly

6  references "Hannibal Pictures, Inc.", Gazes ignores the other parts of the record

7  which shows that the jury verdict form was *preceded* by specific jury instructions

8  regarding the facts "admitted" by the parties, including Defendant Morgan, which

9  identified "*Hannibal, Inc. dba Hannibal Pictures*" as the party contracting with

10  Defendant Morgan's company, and which the Court instructed the jury to treat "as

11  having been proven."  (*See* RFJN, Exh. "E" [Trial Transcript - Day 8, at pp. 173:18-

12  175:13]).  Thus, when the jury answered "yes" to the question of whether Defendant

13  Sonja Productions, LLC breached its contract with "Hannibal Pictures, Inc.," the jury

14  clearly intended to find that Defendant Sonja Productions, LLC breached its contract

15  with *Hannibal, Inc. dba Hannibal Pictures*; the only Hannibal entity identified to the

16  jury as the contracting party, the only Hannibal entity that existed at the time

17  judgment was entered, the only entity that was a Plaintiff in the case by virtue of the

18  Pre-Trial Order and thus, the only entity that could be the real party in interest.

19  Likewise, Gazes's unsupported innuendo that Plaintiff intentionally and

20  knowingly identified "Hannibal Pictures, Inc." as the plaintiff in the Judgment is

21  nonsensical and irrelevant.  Here again, Gazes blows a lot of smoke, but fails to

22  explain *why* Plaintiff or its lawyer or its principle would intentionally and knowingly

23  enter an approximately $7 million judgment in favor of a non-existent entity.  Even if

24  one could speculate as to a motive for Plaintiff hatching such a plan, such a nefarious

25  theory would be undermined by the fact that Plaintiff identified the correct party in

26  the facts deemed "admitted" in the Pre-Trial Order and read to the jury.  Gazes's

27  insinuation that the error in the Judgment is something other than a "clerical" mistake

28

4

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT
CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**

defies logic and simply makes no sense.

More importantly, Gazes's argument is clearly without merit as the Plaintiff in the case was, as a matter of law, *Hannibal, Inc. dba Hannibal Pictures* by virtue of the Pre-Trial Order.  Since the only Plaintiff in the case—as a matter of law—was *Hannibal, Inc. dba Hannibal Pictures*, the error in the Judgment is necessarily a "clerical mistake" or a "mistake arising from oversight or omission" that may be corrected under Rule 60(a).

The record is crystal clear that the Court, the jury and the Plaintiff all intended *Hannibal, Inc. dba Hannibal Pictures* to be the entity entitled to Judgment.  Even Defendant Morgan understood that *Hannibal, Inc. dba Hannibal Pictures* was the actual Plaintiff and the real party in interest - this is precisely why Defendant Morgan and her production company stipulated to the fact that *Hannibal, Inc. dba Hannibal Pictures* was the party with whom her production company contracted.  (*See* RFJN, Exh. "D" [Document 128 - Pre-Trial Order at pp. 2:27-4:14, Item Nos. 9 and 11]).  This is precisely why the Pre-Trial Order identified "Hannibal, Inc. dba Hannibal Pictures as the "Plaintiff."  (*Id.* at p. 2: 4-5).  This is precisely why Defendant Morgan never raised any "lack of standing" defense or any other defense or objections with regard to the erroneous references to "Hannibal Pictures, Inc." that Gazes now so desperately tries to exploit.  Apparently, employing the strategy, 'if the facts are not favorable, ignore the facts,' Gazes's Opposition also completely overlooks the fact that Defendant Morgan never raised any "lack of standing" defense or objections to the erroneous references to "Hannibal Pictures, Inc." (in some parts of the record and in the Judgment) despite Hannibal briefing this critical issue in great detail in its Motion.  (*See* Hannibal's Motion at pp.  20-25).[3]

In his last breadth, Gazes also incorrectly argues that the alternative rule, Rule

---

[3] One can only presume from the failure to address this issue that Gazes concedes that a waiver occurred.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT
CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT

HAMRICK & EVANS, LLP

HAMRICK & EVANS, LLP

60(b), applies to the present case because the claimed error was other than a Rule 60(a) "clerical mistake" or a "mistake arising from oversight or omission." *Trahan v. First National Bank of Ruston*, 720 F.2d 832 (5th Cir.1983) (Rule 60(a) "clerical" errors are those errors that do not determine or effect the *substantive rights* of the parties). However, Gazes's argument is belied by his own Opposition which fails to raise any argument whatsoever that his or Defendant Morgan's substantive rights were prejudiced or even affected by the references to "Hannibal Pictures, Inc." In fact, such an argument would fail before it left the gate because two things are clear: (1) Defendant Morgan and her production company were given full and complete due process; and (2) Defendant Morgan and her production company were found by a jury to have caused approximately $7 million in damage to a Hannibal entity. These facts do not change if the Judgment is corrected to identify "*Hannibal, Inc. dba Hannibal Pictures*" as the Plaintiff and judgment creditor. As tacitly conceded by Gazes's Opposition, Plaintiff's Motion does not raise any issues regarding Defendant Morgan's or Sonja Production, LLC's "substantive rights" as they are indisputably liable for approximately $7 million of damage. Thus, by definition, the present Motion seeks to correct a "clerical" error within the confines of Rule 60(a). Simply put, there can be no dispute that Defendant Morgan's Fraud and Breach of Contract caused *a Hannibal entity* approximately $ 7 million of damage and that *entity* was "*Hannibal, Inc. dba Hannibal Pictures*," the Plaintiff in the case (as deemed by the Pre-Trial Order), the party who entered into the subject contract (as deemed by the "Admitted Facts" which were read to the jury) and the party to whom Defendant Morgan's fraudulent representations regarding the subject film were made.

Consequently, this Court should advance the interests of justice and grant Plaintiff's Motion so as "to make a judgment reflect the actual intentions of the court." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987); *Accord*, *Robi v.*

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT
CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**

*Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990). Otherwise, Gazes (apparently for the primary benefit of Defendant Morgan[4]) will attempt to continue his collateral attack on the Judgment, blithely claiming that the Judgment is unenforceable because no entity named "Hannibal Pictures, Inc." existed prior to entry of Judgment.

## II.  GAZES LACKS FACTUAL OR LEGAL SUPPORT FOR HIS ARGUMENT THAT HANNIBAL'S MOTION DOES NOT FALL WITHIN THE PARAMETERS OF RULE 60(a)

Gazes's Opposition erroneously attempts to characterize Hannibal's Motion as something other than a Motion to correct a "clerical mistake" or a "mistake arising from oversight or omission" as defined by Rule 60(a). However, Gazes's Opposition mischaracterizes and ignores both significant aspects of the record and the governing law.

Gazes acknowledges that a Rule 60(a) motion is properly aimed at correcting errors "to make the judgment reflect the intention of the court and the parties." (Opp. at p. 10:16-20). However, Gazes's Opposition focuses on mischaracterizing the law as exceedingly "narrow" in scope and erroneously depicts the facts underlying this matter in an attempt to show an "intentional" error.

For example, Gazes's Opposition cites *Starns v. Avent*, 96 B.R. 620, 629 (M.D. La. 1989), a district court case from the *Fifth Circuit*, for the proposition that the scope of Rule 60(a) is "very limited." (Opp. at pp. 9:28-10:1). However, in *Starns*, the Court acknowledged that, "the Fifth Circuit Court of Appeals has taken a more narrow view of what constitutes a clerical mistake." *Id. In comparison, Gazes conveniently ignores that the present case is in the Ninth Circuit, where it is well established that a district court has "very wide latitude" to correct a judgment under*

---

[4] Since Defendant Morgan's bankruptcy estate holds more than enough assets to satisfy her creditors, the only real beneficiary of Gazes's efforts is Defendant Morgan.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT
CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT

HAMRICK & EVANS, LLP

*Rule 60(a). See Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) (citation omitted); *Accord Woodworkers Tool Works v. Byrne*, 191 F.2d 667, 676 (9th Cir. 1951); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990) (the Ninth Circuit affords the district court "wide latitude" in reviewing a judgment corrected under Rule 60(a)). Indeed, the Ninth Circuit has recently held that "Rule 60(a) allows for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) ("*Henin*"). As recognized by the Court in *Henin*, " '*Rule 60(a) is not limited to situations in which a judgment clearly misrepresents what the court meant to state. A district court may also invoke Rule 60(a) to ... ensure that the court's purpose is fully implemented....' "* Id*. at 1078 (quoting 12 James W. Moore, Moore's Federal Practice § 60.11[1][c] (2011) (emphasis added).

Furthermore, Gazes's Opposition places great weight on a Fifth Circuit case styled, *Willie v. Cont'l Oil Co.*, 746 F.2d 1041 (5th Cir. 1984) ("*Willie*"). Gazes cites *Willie* for the purported proposition that "Rule 60(a) may not be used to conform a judgment to a pre-trial stipulation." (Opp. at p. 13). Gazes's cited proposition is not only irrelevant, but it is completely inapplicable to the present case. Setting aside Gazes's mischaracterization of the *Willie* case, Hannibal is *not* using Rule 60(a) to "conform the judgment to a pretrial *stipulation*." Instead, Hannibal points to the Court's Pre-Trial *Order* for the purpose of establishing the fact that the reference to "Hannibal Pictures, Inc." in the Judgment is *necessarily* a "clerical mistake" or a "mistake arising from oversight or omission" as defined by Rule 60(a). Once again, it is well established that a pre-trial order is "deemed to amend any previous pleadings" and "control[s] the subsequent course of the action." *See Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 (2007) (citations omitted) (emphasis added); *Accord Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 924

8

HAMRICK & EVANS, LLP

(9th Cir. 1988) (citations omitted); *See also*, *Fed. R. Civ. P.* 16(d) (the pre-trial order "controls the course of the action unless the court modifies it.").  In other words, "[w]hen parties to a lawsuit fail to object to or move to amend a pretrial order, that order measures the dimensions of the lawsuit both in the trial court and on appeal." *See Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1212 (10th Cir. 2000) (internal quotations and citation omitted).

The problems with Gazes's reliance on *Willie* for the proposition that Rule 60(a) cannot be used to conform a judgment to a pretrial stipulation do not stop there. Setting aside the fact that this proposition is irrelevant since Hannibal is relying on a Pre-Trial *Order*, not just a pre-trial *stipulation* and is using the Pre-Trial Order to establish the intent of the parties and the Court, the  proposition that Gazes cites *Willie* for is also inaccurate**.**  *Even in the Fifth Circuit, where the scope of Rule 60(a) is "very limited," the Court has held that Rule 60(a) may be used to conform a judgment to a "pretrial stipulation" of the parties**.**  For example, in *Dura-Wood Treating Co., Div. of Roy O. Martin Lumber Co. v. Century Forest Indus.*, Inc., 694 F.2d 112, 114 (5th Cir. 1982), the Fifth Circuit Court of Appeals amended a judgment under Rule 60(a) to reflect the parties' pretrial stipulation  regarding attorney's fees.

In fact, Gazes's heavy reliance on *Willie* is totally unfounded.  Unlike the present case, the party that moved to correct the judgment in *Willie* did not even move to correct the judgment under Rule 60(a).[5]  Most importantly, unlike the present case, in *Willie*, the motion to amend the judgment sought to correct a "substantive" error in the judgment that involved the "substantive rights of the

---

[5] The motion to amend filed in *Willie* was entitled "Motion to Amend" and did not designate the Federal Rule of Civil Procedure under which it was made. *Id.* at 1044-45.  The only reason the court in *Willie* considered whether the motion to amend was brought under Rule 59(e), Rule 60(a), or Rule 60(b) was because there was an issue as to whether the appellate court had jurisdiction to hear the appeal since the notice of appeal was filed before the motion to amend was granted in the district court. *Id.*

9

parties…." *Willie, supra*, 746 F.2d at 1045.  Specifically, the codefendant's motion to amend the judgment in *Willie* sought to reduce the damages in the judgment to reflect the codefendant's proportionate fault in accordance with the parties' pretrial stipulation.  *Id.* at 1044-45.  In stark contrast to the "substantive" error in *Willie*, the error that Plaintiff seeks to correct is a clear party misnomer, not a "substantive" error.  Indeed, Gazes's Opposition fails to raise any argument that his or Defendant Morgan's substantive rights were prejudiced or even affected by the cited references to "Hannibal Pictures, Inc."

In addition, as addressed above and in the Motion, the Pre-Trial Order specifically identifies "*Hannibal, Inc. dba Hannibal Pictures*" as the one and only Plaintiff in the case.  In this regard, the Court's Pre-Trial Order explicitly states: "*The parties are: Plaintiff Hannibal, Inc. dba Hannibal Pictures* and Defendants Sonja Productions LLC and Sonja Tremont-Morgan." (RFJN, Exh. "D" [Document 128 - Pre-Trial Order at p. 2: 1-2]) (emphasis added).  Thus, after the entry of the Pre-Trial Order, "*Hannibal, Inc. dba Hannibal Pictures*" was and is the <u>*only*</u> entity that could appear on any Judgment, and a reference to any other entity is *necessarily* a "clerical mistake" or a "mistake arising from oversight or omission" well within the confines of Rule 60(a).

Moreover, Hannibal points to the Pre-Trial Order for the purpose of establishing that knowledge and intent of the parties, and the Court was to award judgment to "*Hannibal, Inc. dba Hannibal Pictures*."  Here again, it is undisputed that Hannibal and Defendants stipulated and agreed to various "Admitted Facts" which were deemed admitted as a matter of law, including the fact that:

(a)     *Hannibal Inc., dba Hannibal Pictures* represented to Sonja Tremont-Morgan that it owned an option to purchase all rights to the theatrical motion picture entitled "Fast Flash to Bang Time;"

(b)     *Hannibal, Inc. dba Hannibal Pictures* and Sonja Tremont-Morgan (on

HAMRICK & EVANS, LLP

behalf of Sonja Productions, LLC) signed a deal memorandum with
respect to "Fast Flash to Bang Time;"

(c)    *Hannibal, Inc. dba Hannibal Pictures* and Sonja Productions, LLC
signed an amendment to the deal memorandum, with respect to "Fast
Flash to Bang Time;" and

(d)    Sonja Productions, LLC stopped payment on a check to *Hannibal, Inc.
dba Hannibal Pictures*.

(*See* RFJN, Exh. "D" [Document 128 - Pre-Trial Order at pp. 2:27-4:14, Item Nos. 8,
9, 11 and 14]).  *The aforementioned facts were incorporated into the Court's Pre-
Trial Order and were read to the jury as admitted facts which should be treated as
"having been proved*."  (RFJN, Exh. "E" [Trial Transcript - Day 8, at pp. 173:18-
175:13) (emphasis added).  With regard to the instant Motion, the significance of this
part of the record cannot be overstated – The Pre-Trial Order and "facts" deemed
admitted and read to the jury demonstrate that Defendant Morgan knew and
understood that **"*Hannibal, Inc. dba Hannibal Pictures*"** was the contracting party
and was the real party in interest in this Action.  Furthermore, because these "facts"
were deemed admitted by the parties and incorporated into the Pre-Trial Order, no
further proof was necessary to establish them – *Ipso  facto*, **"*Hannibal, Inc. dba
Hannibal Pictures*"** was the party to the contract breached by Defendant Sonja
Productions, LLC and, thus, the entity that was defrauded by Defendant Morgan's
false representations and false promises.  As recognized by the Court in *United
States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981), "a party need
offer no proof at trial as to matters agreed to in the [pre-trial] order, nor may a party
offer evidence …which contradict its terms."  (Emphasis added).

These facts significantly undermine Gazes's speculation and innuendo that
Hannibal (or its principal Rionda) knew and intentionally used "Hannibal Pictures,
Inc." in the Judgment since it make no sense that Hannibal's principal or attorneys

HAMRICK & EVANS, LLP

would identify the correct entity in the "facts" deemed admitted and included in the Pre-Trial Order, only to intentionally identify the wrong entity on the approximately $7 million Judgment.

With the Pre-Trial Order and the related facts in mind, it is clear that Gazes's recitation of the factual and procedural background is misleading, irrelevant and incomplete. Specifically, Gazes's Opposition cites various examples, inside and outside the record, where the erroneous "Hannibal Pictures, Inc." designation appears. *However, Gazes does not dispute the fact that "Hannibal Pictures, Inc." did not exist prior to entry of the Judgment. Moreover, Gazes does not contend that the various erroneous references prejudiced Defendant Morgan or otherwise deprived Defendant Morgan of her right to due process in any way.*

Instead, Gazes's exercise is solely aimed at supporting his fallacious argument that the reference to "Hannibal, Pictures Inc." in the Judgment was not a mere "clerical error" or a "mistake arising from oversight or omission" but that "Rionda, the principal of Hannibal, knew all along that 'Hannibal Pictures, Inc.' did not exist at the time," and that the occasional use of "Hannibal Pictures, Inc." was knowingly and intentional (as opposed to a clerical error). Gazes's theoretical argument has so many problems, it is absurd and borders on the frivolous.

Among other things, the record itself simply does not support Gazes's conclusion or the related innuendo. For example, Gazes's Opposition states in support of its argument that "Hannibal Pictures, Inc. signed a contract with Morgan's company and then sued Defendants for breach of that contract and related claims. Rionda signed the contract for Hannibal Pictures Inc." (Opp. at p. 2:6-8) (internal quotations omitted). However, as stated above, this "fact" is irrelevant since Defendant Morgan and her production company *stipulated and "admitted" and included in the pretrial order* the fact that "*Hannibal, Inc. dba Hannibal Pictures*" entered into the subject contract and the amendment that formed the basis of the

12

subject claim. (*See* RFJN, Exh. "D" [Document 128 - Pre-Trial Order at pp. 2:27-4:14, Item Nos. 8, 9, 11 and 14]). *See United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981) ("a party need offer no proof at trial as to matters agreed to in the [pre-trial] order, nor may a party offer evidence ...*which contradict its terms*.") (Emphasis added).  Here, Gazes is barred from offering evidence in his Opposition that contradicts this admitted fact.  Thus, regardless of the erroneous name identified in the signature block of the subject contract, "*Hannibal, Inc., dba Hannibal Pictures*" was, by operation of law, the contracting party and thus the party that suffered damages arising from Defendants' breaches.  In support of his argument, Gazes also points to the jury verdict forms submitted to the jury which read:  "It has been stipulated by the parties, HANNIBAL PICTURES, INC. and SONJA PRODUCTIONS LLC, that both entered into a contract."  (Opp. at p. 5: 22:24).

Here again, Gazes ignores the fact that, at trial, the parties admitted and the Pre-Trial Order reflected the undisputable fact that "*Hannibal, Inc. dba Hannibal Pictures*" was the party that entered into the contract with Sonja Productions, LLC. (*See* RFJN, Exh. "D" [Document 128 - Pre-Trial Order at pp. 2:27-4:14, Item Nos. 8, 9, 11 and 14]).  *More importantly, Gazes conveniently ignores the fact that <u>before the jury completed the jury verdict form</u>, the jury was read the facts deemed "admitted" by the parties, which correctly stated that "Hannibal, Inc. dba Hannibal Pictures" was the party that contracted with Sonja Productions, LLC, and the Court instructed the jury to treat these facts "as having been proven*."  (RFJN, Exh. "E" [Trial Transcript - Day 8, at pp. 173:18-175:13]).  It not only stretches logic, it defies reason to its breaking point to conclude that, after the jury was instructed that "*Hannibal, Inc. dba Hannibal Pictures*" entered into the subject contract, the jury filled out the jury verdict form and intended to award $7 million in damages to a non-existent entity and not to "*Hannibal, Inc. dba Hannibal Pictures*."

HAMRICK & EVANS, LLP

In addition, Gazes's Opposition falsely states that the amended joint jury instructions (Document 160) "does [*sic*] not mention Hannibal, Inc." (Opp. at p. 5:17-19).  Contrary to Gazes's misrepresentations, the amended joint jury instructions included all of the "Admitted Facts" contained in the Court's Pre-Trial Order, including the "Admitted Facts" which reference "*Hannibal, Inc. dba Hannibal Pictures*." (*See* RFJN, Exh. "F" [Document 160 - Joint Amended Joint Jury Instructions, at pp. 14-15]).

Gazes's Opposition goes on to further blatantly mischaracterize the record, stating that the Court's Pre-Trial Order "did not, as Plaintiff contends, 'dismiss' 'Hannibal Pictures, Inc.' as the plaintiff."  (Opp. at p. 5:1-2).  Here again, the express language of the Pre-Trial Order itself exposes Gazes's brazen fabrication, expressly stating*: "The parties are: Plaintiff Hannibal, Inc. dba Hannibal Pictures an*d Defendants Sonja Productions LLC and Sonja Tremont-Morgan. Each of these parties has appeared. *All parties named in the pleadings and not identified in the preceding paragraph are now <u>dismissed</u>.*" (*See* RFJN, Exh. "D" [Document 128 - Pre-Trial Order at p. 2: 2-5) (emphasis added).

In its most desperate moments, Gazes's Opposition relies upon unsubstantiated allegations and total innuendo completely outside the record.  For example, Gazes's cites to an unrelated case[6] (the "Levens Action") wherein Leven Entertainment ("Levens") sued Rionda for breach of a movie distribution contract.  (Opp. at p. 5:3-10).  Once again, Gazes distorts the facts to advance his contrived hypothesis.  Contrary to Gazes's argument, in the unverified Complaint filed in the Levens Action there is *no* allegation that Rionda used non-existent entities such as "Hannibal Pictures, Inc." to "hide payments he received from foreign distributors.  (*See* Brennan Decl., Ex. D [Document 278-5 at ¶'s 1-21]).  In truth and in fact, the

---

[6] *Levens et al. v. Richard Rionda del Castro et al.*, Los Angeles Superior Court Case No. BC380149 attached as Exhibit D to the Brennan Decl.

14

HAMRICK & EVANS, LLP

1   unverified Complaint filed in the unrelated Levens Action merely alleges that Rionda

2   failed to provide accurate accountings, underreported the amount of collections and

3   hid executed distribution license agreements relating to a movie distribution contract.

4   (*Id.*)

5        Moreover, Gazes ignores the fact that the allegations in made by Leven were

6   never proven and are offered here without supporting evidence, and that, ultimately,

7   Leven's case was promptly dismissed with prejudice.  (*See* Exh. A to Plaintiff's

8   RFJN No. 2 filed concurrently herewith).  In other words, it is more likely that

9   Leven, like Gazes, seized on Rionda's erroneous *conflation* of "*Hannibal, Inc. dba*

10  *Hannibal Pictures*" to support its baseless contentions.  At any rate, clearly Gazes's

11  rank speculation and attempt to reach outside the record is improper as a matter of

12  law. *See Garamendi v. Henin*, 683 F.3d 1069, 1079-80 (9th Cir. 2012) (A motion

13  brought under Rule 60(a) is determined by an examination of the record).

14       In addition, Gazes's cites to Rionda's sworn declaration filed in the Levens

15  Action.  (Opp. at p. 4:11:19).  Once again, Gazes's arguments notably miss the mark.

16  Rionda's sworn declaration filed in support of Plaintiff's instant Motion is entirely

17  congruous with Rionda's sworn declaration filed in the Levens Action.  Consistent

18  with his declaration filed in the Levens Action, in his declaration filed in support of

19  Plaintiff's instant Motion, Rionda stated:  "Notwithstanding [Hannibal, Inc.'s

20  fictitious business name] designation, Hannibal representatives (including myself)

21  sometimes mistakenly referred to 'Hannibal Pictures' as 'Hannibal Pictures, *Inc.*' ..."

22  and "[n]o entity named 'Hannibal Pictures, Inc.' (i.e., the entity designated as the

23  'Plaintiff' in the Judgment) existed prior to the entry of Judgment, or at the time

24  Judgment was entered, in the instant lawsuit."  (Rionda Decl., ¶'s 3 and 4 [Document

25  269-3]); (*cf.* Brennan Decl., Ex. E at p. 10, ¶ 2 [Document 278-6]).

26       In light of the aforementioned portions of the record, Gazes's argument that

27  the use of "Hannibal Pictures, Inc." was knowingly and intentional (as opposed to a

28

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT**
**CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**

HAMRICK & EVANS, LLP

1  clerical error) is like suggesting a *possibility* of bad faith without providing any

2  motive or supporting evidence for this proposition. Why would Rionda and/or

3  Hannibal's lawyers put an approximately $7 million Judgment in the name of a non-

4  entity?  Again, even if one could concoct such a theory, the theory would not make

5  sense since the non-existent entity was not used in the Pre-Trial Order or in the

6  "Admitted Facts" that were read to the jury.  In this regard, Gazes's notion is not

7  only unsupported by the record and irrelevant because of the Pre-Trial Order, it is

8  simply nonsensical.

9       Gazes's characterization of the governing law suffers from the same gross

10 deficiencies.  For example, Gazes's Opposition states that the Third Circuit in

11 *Stradley v. Cortez*, 518 F.2d 488 (3d Cir. 1975) held: "Rule 60(a) may not be used to

12 correct a judgment that accurately transcribes the jury verdict, even if the verdict

13 itself is alleged to be in error."  (Opp. at p. 12:9-12).  Unfortunately for Gazes, the

14 *Stradley* Court did *not* so hold.  In *Stradley*, the Court merely held that Rule 60(a)

15 was not applicable to the plaintiff's specific situation because "the 'mistake' [t]here,

16 if there was a mistake, was not *clerical in nature*." *Stradley, supra*, 518 F.2d at 493

17 (emphasis added). Specifically, the Court in *Stradley* held that there was no "clerical

18 mistake" in the judgment because in its review of the record, it "found no evidence"

19 to prove the alleged agency relationship necessary for the jury to find the defendant

20 (who was omitted from the jury's verdict and the judgment) liable for the damages

21 that the plaintiff sustained in the automobile accident.  *Id.* at 495.

22      Moreover, contrary to Gazes's misleadingly argument that the *Stradley* court

23 held that Rule 60(a) could not be used to correct the judgment because it accurately

24 transcribed the jury verdict, *the real reason the Stradley Court held Rule 60(a) could*

25 *not be used to correct the judgment was because it found: "the record [was]*

26 *completely devoid of evidence to support a jury verdict as against [the defendant*

27 *omitted from the judgment]." Id.* at 495 (emphasis added).

28

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT**
**CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**

HAMRICK & EVANS, LLP

Although Gazes's deeply misplaced reliance on *Stradley* cripples his legal position, Gazes's failure to address the factually applicable cases destroys it.  For example, Gazes's Opposition essentially ignores *Fluoro Elec. Corp. v. Branford Assocs.*, 489 F.2d 320 (2d Cir. 1973) ("*Fluoro*"); a case that provides ample support for Hannibal's position.  Although touching on it in a footnote, Gazes performs no meaningful analysis to rebut the analysis in Hannibal's Motion regarding the applicability of this decision.  *See* Hannibal's Motion at pp. 16:1-20:1).  Specifically, Gazes argues that Plaintiff "misplaces its reliance" on *Fluoro* because the defendant therein was "the same entity at all times." (Opp. at p. 13, fn. 2).  Once again, Gazes's analysis is a fabrication and is unequivocally wrong.  The plaintiff in *Fluoro* commenced its action against "Branford Associates, *a corporation*" and judgment was entered against "Branford Associates, *a corporation*." *Id.* at 322.  However, contrary to Gazes's self-serving argument, *the Court granted plaintiff's Rule 60(a) motion to substitute "Branford Associates" a partnership— a different entity—for "Branford Associates, a corporation."  Id.* at 326.

Moreover, similar to Gazes's argument in the present case that *Hannibal, Inc. dba Hannibal Pictures* was not the contracting party (despite Defendants' express admissions in the "Admitted Facts" in the Pre-Trial Order to the contrary, which were read to the jury), the defendant in *Fluoro* also claimed that it "was never a party to the contract in controversy." *Id.* at p. 324.  Most importantly, *exactly as Gazes argues in his Opposition, the defendant in Fluoro argued that Rule 60(a) cannot be utilized because the judgment conformed to the jury's verdict*.  Specifically, the defendant in *Fluoro* contended that "*the jury's verdict ran solely against a corporate defendant, however named; and that Rule 60 cannot be utilized thereafter, under the guise of correcting a misnomer, to substitute a new party defendant, a partnership, which was never a party to the contract in controversy..., which never was served in the action, and which never had its day in court*." *Id.* at 323-24 (emphasis added).

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT
CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**

HAMRICK & EVANS, LLP

Nevertheless, the use of the wrong name for the party by the jury was not a bar to relief under Rule 60(a) in the *Flouro* action.  *Id.* at 326.  Moreover, Gazes ignores the fact that in *Fluoro*, the Rule 60(a) motion was more likely than the present case to impinge on "substantive rights" since the judgment was being corrected to include a defendant that, at least arguably, did not have its day in court.  In other words, the facts in the present case are substantially stronger than the facts in *Fluoro* because, unlike in *Fluoro*, no due process or "substantive rights" concerns have been raised, nor can they be raised.  Indeed, Gazes, who has stepped in the shoes of Defendant Morgan, does not argue that Defendants would have done anything different or were prejudiced in any way or even affected by the erroneous references to "Hannibal Pictures, Inc."  (*See* Opp.)

Gazes also ignores other factually similar cases that completely undermine his argument that Rule 60(a) cannot be utilized when a judgment conforms to a jury's verdict.  For example, in *Hodge v. Hodge*, 269 F.3d 155, 156-58 (2d Cir. 2000), judgment was entered in favor of plaintiff *following a jury trial*.  However, the judgment incorrectly identified the defendant as "Donald Hodge" instead of "Robert D. Hodge."  *Id.* at 156.  Just like the present case, the verdict form given to the *Hodge* jury presumably referenced the "wrong" party.  Nevertheless, the court held that the request of plaintiff's counsel to correct the judgment to "reflect the defendant's correct name was clearly a motion under Rule 60(a)." *Id.* at 158.

In addition, Gazes also conveniently fails to recognize that courts have routinely held that **"***misnomers with respect to parties may be corrected***" *pursuant to Rule 60(a). PacifiCorp Capital, Inc. v. Hansen Properties*, 161 F.R.D. 285, 287 (S.D.N.Y. 1995) (citation omitted) (emphasis added).  In *PacifiCorp Capital, Inc.*, although the defendant named in the summons and complaint and in all the pleadings filed in the action was identified as "Hansen Properties," and the judgment was entered against "Hansen Properties," the Court held that the defendant's name could

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT
CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**

be corrected to "Hansen Properties, *Inc.*" under Rule 60(a) because the record reflected who the correct defendant was and **"*it is plain that misnomers with respect to parties may be corrected" pursuant to this Rule 60(a). Id.* at 287 (citing *Anderson v. Brady, D.C.*, 6 F.R.D. 587 (E.D. K.y. 1947)) (emphasis added).  Similarly, as discussed herein, the record in the present case clearly reflects that the correct Plaintiff and real party in interest is *Hannibal, Inc. dba Hannibal Pictures* and that the erroneous reference to "Hannibal Pictures, Inc." in the Judgment is a indisputable misnomer which may be corrected under Rule 60(a).  *Id.*, *Fluoro, supra*, 489 F.2d at 326; *Hodge*, 269 F.3d 155, 156-58.

## III.   <u>CONCLUSION</u>

Whereas Gazes's Opposition unsuccessfully challenges the motives of Hannibal and/or its principal and/or lawyers, the crippling weakness of Gazes's Opposition raises a significant question as to Gazes's motive for opposing Hannibal's Motion.  Gazes states that, as the appointed trustee, "he stands in the shoes of the bankrupt."  However, it appears that Gazes is too comfortable in those shoes and forgets that he owes duties to the creditors, one of which is *Hannibal, Inc. dba Hannibal Pictures*.  Gazes raises the question, but never answers it: If *Hannibal, Inc. dba Hannibal Pictures* is not the proper judgment creditor, then who is? Hannibal Pictures, Inc., a non-existent entity?  Gazes cannot legitimately claim that he is protecting the Defendant (and debtor) Morgan's bankruptcy estate for the other creditors since Defendant Morgan's bankruptcy estate has more than ample funds to satisfy the all of the creditors.  Given the fact that Hannibal's claim constitutes approximately 28% of the creditors' claims according to Gazes's declaration and that Defendant Morgan's estate is more than sufficient to cover the other creditors, Defendant Morgan (not the other creditors) stands to make a substantial windfall

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT**
**CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**

1   from the surplus funds in the estate[7] if Hannibal were to be deprived of collecting on

2   the Judgment that it secured against Defendant Morgan and Morgan's company after

3   a full trial on the merits and appeal.

4   Nevertheless, regardless of Gazes's motive as set forth above, Gazes's

5   Opposition is meritless and seeks to cause an injustice by (a) setting the stage for

6   Defendant Morgan to escape responsibility for the approximately $7 million in

7   damages that she and her company caused and (b) depriving the rightful party of its

8   compensation as determined after a full trial on the merits.  For the reasons set forth

9   herein and in Hannibal's Motion, Plaintiff respectfully requests that the Court correct

10  the Judgment so that the misnomer in the Plaintiff's name in the Judgment accurately

11  reflects the correct Plaintiff and real party in interest *Hannibal, Inc. dba Hannibal*

12  *Pictures*.

13  DATED: November 25, 2013          HAMRICK & EVANS, LLP

14

15  By: ___*/s/ A. Raymond Hamrick, III*_____

16  A. RAYMOND HAMRICK III
    MARTIN J. BARAB

17  Attorneys for Plaintiff, Hannibal, Inc. dba

18  Hannibal Pictures (Erroneously referred to as
    "HANNIBAL PICTURES, INC.")

19

20

21

22

23

24

25

26

27  [7] *See* 11 U.S.C. § 726(a)(6) providing that any surplus funds in a bankruptcy estate

28  go to the debtor.

20

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO CORRECT**
**CLERICAL ERROR IN PARTY IDENTIFICATION IN JUDGMENT**

HAMRICK & EVANS, LLP